### WILLIAM J. FAUX v. SARAH J. WILLETT.

Submitted December 9, 1902—Decided February 24, 1903.

A verdict founded upon divergent facts will not be set aside because the court may think that, if it had been passing upon the facts, it might have found otherwise.

On contract. On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the rule, *Alan H. & Theodore Strong.*

*Contra, George S. Silzer.*

The opinion of the court was delivered by

FORT, J. There were but two grounds upon which it was seriously contended that there should be a new trial in this case. They were (1) because the verdict was against the charge of the court; and (2) because it was against the weight of the evidence.

The charge of the court certainly did give to the defendant every intendment and implication which the jury might gather from the facts, and stated to the jury that an acceptance of the view of the facts as expressed by the court could lead to no other result but the finding for the defendant, but it likewise left a theory upon which the defendant might be found to be liable. That view the jury took. While we might not have found that way had we been the jury, still we cannot say that the result is erroneous. The jury may be right in their view. The law as to the liability of a married woman was correctly stated to the jury by the court, and under it they have found from the evidence that the contract in this case was made with the defendant.

Nor can we say that the weight of evidence is so preponderatingly against the verdict as to require its overthrow. If it be true that the original order for the purchase of the coal in this case was given by the defendant, and the jury have so found, then many other facts are explainable from the method of transacting the business.

The order of the defendant was given by Theodore Willett, her husband. He was the person with whom the plaintiff had all his negotiations and correspondence. This makes a perfectly clear theory for explaining the fact that all the letters were addressed to him. They were written to him as the agent of the wife. The jury evidently accepted the plaintiff's explanation of the way the account came to be charged on the plaintiff's books to "Theodore Willett" instead of Sarah J. Willett. About the fact that the original order was given in the name of Sarah J. Willett, and that Theodore Willett was authorized to, and did, sign it in her name, there is no fair doubt under the evidence. This being established, it would not be proper to reverse a verdict because subsequent letters from the plaintiff might be said to throw doubt upon the original order when the original order itself proved to be free from doubt. There is a theory, as we have above seen, upon which these subsequent letters are all explainable, consistent with the defendant's personal liability. That theory the jury were told they must find or the defendant was entitled to their verdict. They found that theory to be the explanation of the letters. We cannot say it was not justified under the proof. This leads to the discharge of the rule to show cause.