## JOHN CAMPBELL v. THE DELAWARE AND ATLANTIC TELEGRAPH AND TELEPHONE COMPANY.

Submitted March 23, 1903—Decided November 24, 1903.

1. The question of the negligence of employes of a telephone company in handling a reel of wire and the contributory negligence of the plaintiff, were for the jury and not for the court.
2. The mere fact that the witnesses called by the defendant outnumbered those of the plaintiff, does not, standing alone, afford any ground for discrediting the finding of the jury for the plaintiff.
3. It is only where it is perfectly plain that a verdict is excessive that a court will set it aside for that reason.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and PITNEY.

For the plaintiff, *Henry S. Scovel* and *David O. Watkins.*

For the defendant, *Edward A. Armstrong.*

PER CURIAM.

There is sufficient evidence in this case to support a finding that the stringing of telephone wires was being done. by the employes of the defendant company. The question of the negligence of the persons handling the reel, and the question of the contributory negligence of the plaintiff, were for the jury, not for the court, to determine. The motion to nonsuit was therefore properly denied.

Our examination of the testimony does not satisfy us that the verdict is against the preponderance of the evidence. The jury saw and heard the witnesses and determined what credit should be given to each of them. The mere fact that those called by the defendant outnumbered those called by the plaintiff, does not, standing alone, afford any reason for discrediting the finding of the jury. We find no other fact which supports the contention that the verdict is against the weight of the evidence.

Nor do we think that the verdict ($1,000) is so excessive in amount as to justify interference by the court. It is only where it is perfectly plain that such is the fact that a court will set aside a verdict for this reason.

The rule to show cause should be discharged.