### ISAAC BOWELL v. PUBLIC SERVICE CORPORATION.

Submitted July 3, 1908—Decided November 9, 1908.

It does not follow that because the number of defendant's witnesses exceed those of the plaintiff, a verdict for the latter will, *ipso facto*, be set aside.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-ARD and MINTURN.

For the rule, *Edward Ambler Armstrong.*

*Contra, John Boyd Avis.*

PER CURIAM.

There was no question made in this cause regarding the fact that the plaintiff was injured by having been thrown from his wagon, at about seven o'clock in the evening, on Federal street, in the city of Camden, by the impact of a trolley car which struck the plaintiff's wagon in the rear. The contention strenuously urged by defendant at the trial was that the car which caused the damage was not defendant's car, but that of the Camden and Trenton Railway Company, which was operating on the same track. This, it will be perceived, presented an issue of fact which the court upon the motion to nonsuit, and again at the close of the case, upon a motion to direct a verdict, properly submitted to the jury. The verdict for the plaintiff upon this issue is now attacked by defendant upon the ground that it is against the weight of evidence. The rule is fundamental, and the decisions are numerous in this court, that if there be any evidence which raises a debatable question upon the issue involved, a case is presented for the consideration of the jury. *Sm. Neg.* 15; *Pennsyl·vania Railroad Co.* v. *Righter,* 13 *Vroom* 180.

Nor does it follow, as urged by defendant, that because the number of witnesses for the defendant predominates upon the issue formulated, the verdict must, *ipso facto,* be set aside as erroneous.   *Campbell* v. *Delaware and Atlantic Telephone Co.,* 41 *Vroom* 195; *Alexander Dye Works* v. *Roufosse,* 28 *Id.* 700.

The weight of the testimony, and the credibility of the witnesses, are the determining factors for the consideration of the jury; and into this consideration the number of witnesses, *pro* and *con,* properly enters in the determination of the issue.   But we cannot say upon the testimony in this case, even though our reasoning might lead us to a different result from that reached by the jury, that the testimony so far preponderates in favor of the defendant, as to enable us to say that the verdict of the jury is necessarily erroneous.   *Faux* v. *Willett,* 40 *Vroom* 52; *Campbell* v. *Emslie,* 43 *Id.* 37.

We find nothing of substance in the remaining reasons advanced by the defendant, and we therefore conclude that the rule to show cause should be discharged.