LENA WASKIEWICZ v. PUBLIC SERVICE RAILWAY CORPORATION.

Argued June 8, 1910—Decided November 30, 1910.

A refusal of the trial court to instruct the jury in a proper case that where the witnesses have all the same opportunities for observation and are of equal credibility, the number of witnesses on each side is a fact to be considered by the jury, is reversible error.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Charles L. Borgmeyer.*

For the defendant, *Leonard J. Tynan.*

The opinion of the court was delivered by

MINTURN, J. The assignments of errors in this case present a series of legal objections to the verdict for the plaintiff, but our consideration of the facts and circumstances of the case has led us to conclude that the sixth assignment of error presents the only legal objection which exists to the affirmance of the judgment.

The plaintiff, a widow, while returning with her niece from a visit to her son at Jersey City on the 15th of August, 1907, to her home at Bloomfield, was injured by being thrown from the front of the car of defendant company or falling as she was about to alight therefrom. The following was the case made by the plaintiff: When the car reached Bloomfield she signaled to the conductor to stop at Orange street. She then went to the front door of the car and waited for it to stop, but as the car did not stop she again gave a signal to the conductor to stop. The bell was rung to stop while she was standing in the front of the car with her hand on the door. She was about to step out when the car came to a sudden stop and she was thrown through the door onto the street, thereby receiving the injuries of which she now complains.

The defendant met this situation with testimony which, if credited, would indicate that there was no unusual jerk or jar of the car but that the motorman brought the car to a stop in the usual way and that the plaintiff without waiting for it to stop walked off the car after the motorman had told her to wait until the car had stopped.

If this situation presents the true state of facts, the contributory negligence of the plaintiff would defeat her recovery. The record thus presented entirely a question of fact for the jury and it became important for the learned trial court to instruct the jury concerning the relative weight of testimony when a request to that effect would be presented in proper form. Such a request was presented, and the refusal of the learned trial court to charge it is made the basis for the sixth assignment of error.

That request was as follows:

"While the jury is not to decide the case upon the number of witnesses upon one side or the other, yet where the witnesses have all the same chances for observation and are believed to be of equal responsibility, then the number of witnesses on each side can be considered."

We think this request contains a correct statement of the law and that there was reversible error in the learned trial court's refusal to charge it. While it is true as an abstract proposition that preponderance and weight of testimony is not to be determined absolutely by the number of witnesses *pro* and *con* upon a given issue, still where the witnesses are equally credible the number of witnesses preponderating in favor of a contention is always an element of fact for consideration by the jury.

In the case of *Bowell* v. *Public Service Railroad,* 48 *Vroom* 231, this court, in considering the question, said: "The weight of the testimony and the credibility of the witnesses are the determining factors for the consideration of the jury; and into this consideration the number of witnesses *pro* and *con* properly enters in the determination of the issue.

The application of this rule to the case at bar leads us to conclude that this request should have been charged and that it was error to decline to charge it.

For this reason the judgment is reversed and a *venire de novo* is awarded.