EDWARD GRABERT, APPELLANT, v. CENTRAL RAILROAD
COMPANY OF NEW JERSEY, RESPONDENT.

Submitted December 10, 1917—Decided March 4, 1918

Under section 58 of the Railroad act of 1903 (*Comp. Stat. p.* 4246)
amended in 1912 (*Pamph. L., p.* 265), all actions accruing from
injuries to persons caused by the wrongful act, neglect or default
of any railroad company owning or operating any railroad within
this state, shall be commenced and sued within two years next
after the cause of action accrued and not after; and the infancy
of the person injured will not exempt him from the operation of
this statutory rule.

On appeal from the Hudson County Circuit Court.

For the appellant, *Aaron A. Melniker.*

For the respondent, *Charles E. Miller* and *George Holmes.*

The opinion of the court was delivered by

PARKER, J. The suit was based on alleged negligence of
the defendant, which set up in the answer facts which
brought the case within the purview of section 58 of the
Railroad act, partly quoted in the head-note above, and al-
leged that the suit had not been begun within the period of
two years next after the cause of action accrued. To this the
plaintiff replied that he did not attain full age until May
22d, 1914, which was within two years next preceding the
commencement of the suit. Defendant moved for and ob-
tained a judgment on the pleadings, from which plaintiff
has appealed.

The argument is, that in the case of an infant the two
years' period does not begin to run until he has attained his
majority—first, because he cannot sue until that time, and
so the cause of action is not complete; secondly, because sec-
tion 58 should be read in connection with the Limitations
act which excepts periods of legal disability from the period
of limitation; thirdly, because section 58 is inoperative, be-
cause not expressed in the title of the "Act concerning rail-

roads," of which it is a part, or germane to the general object of that act.

The first point has been disposed of in the very recent opinion of this court in *Gillette* v. *Delaware, Lackawanna and Western Railroad Co.,* at the June term, 1917, *ante, p.* 220, which was a suit under the federal act.

As to the second point, it is sufficient to say that there is a manifest inconsistency between a general statute of limitations saving the period of infancy and a special statute of limitation ignoring that period, as in section 58 of the Railroad act, which act expressly repeals inconsistent acts. We think it plain that the legislative intent was to make suits against railroads for personal injuries an exception to the general acts of limitation and to require such suits to be brought promptly and without reference to the so-called "disability" of the plaintiff, provided he was legally capable of instituting a suit.

The constitutional objection does not seem to have been urged in the court below, and is plainly untenable in view of such decisions as *Quigley* v. *Lehigh Valley Railroad Co.,* 80 *N. J. L.* 486, and *Sawter* v. *Shoenthal,* 83 *Id.* 499. We think it has never been suggested that the limitation of suits against railroads for injuries by fire was invalid because the intent so to limit them should have been expressed in the title of the Railroad act; or, on the other hand, that the statutory presumption of negligence arising from the communication of fire was germane only to an act whose title indicated an intent to legislate about matters of evidence.

The precise question here presented was fully discussed by Judge Adams, formerly a member of this court, in *Pike* v. *Railroad Company,* 31 *N. J. L. J.* 81, and decided against the plaintiff.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal*—None.