SEBASTIAN TRONTO, ADMINISTRATOR OF THE ESTATE OF CHARLES TRONTO, RESPONDENT, v. REO MOTOR COMPANY, A CORPORATION, APPELLANT.

Submitted December 9, 1918—Decided March 3, 1919.

There being testimony in the case from which the jury might infer that the deceased was occupying a motor car by invitation, or as a passenger, and the trial court having submitted that question to them with an instruction that if the deceased occupied that status, the contributory negligence of the driver of the car could not affect the right of his intestate to recover, and the jury having found for the plaintiff, the legal inference results that they must have primarily found in accordance with the trial court's instructions, that the deceased occupied the status of a passenger.

On appeal from the Supreme Court.

For the respondent, *Riker & Riker.*

For the appellant, *Collins & Corbin.*

The opinion of the court was delivered by

MINTURN, J. The appeal is directed to the reversal of a judgment at the Essex Circuit, for damages caused by an automobile with a fire truck, operated by defendant's agent, in the city of Plainfield, as a result of which plaintiff's intestate was killed.

Two suits originated from the accident, one by the driver of the automobile, in which the deceased was riding with his brother, the owner of the vehicle, and the other by the plaintiff, as administrator of the deceased brother, who was killed as a result of the collision.

The two cases were tried together, and went to the jury with the result that in the first case the jury found for defendant, and in the case at bar for the plaintiff. The appellant seeks to bring the second case within the *ratio decidendi*

of the first, by the contention that the deceased was really exercising control of the car equally with his brother, if not totally, to his exclusion.

The reason upon which this contention is based is that the deceased, desirous of visiting a friend at Plainfield, induced his brother, the owner of the car, to drive him there, and while driving on West Front street, near Grant avenue, in that city, collided with defendant's truck driven at a high rate of speed. Contributory negligence of the plaintiff was alleged by defendant, and quite evidently the jury so viewed the situation, so far as the driver of the machine was concerned, for they found for the defendant. But the case *sub judice* presented an additional inquiry, and the court left it to the jury to determine whether the deceased was riding as invitee or passenger with his brother; and charged that if he was, the doctrine of contributory negligence did not apply to him.

The difference in the results of the two cases can only be reconciled upon the different legal theories upon which they were tried and submitted. It is now insisted that the deceased was not a passenger, but was practically in control of the machine.

The testimony upon that question, as well as upon the question of negligence, was before the jury, and it must suffice for us to say that it was sufficient in quantity to enable the jury to determine the inquiry after weighing the character and credibility of the evidence, for upon this appeal we are not called upon to determine either its evidential value or credibility, although extensively elaborated in the appellant's brief.

The inquiry as to negligence, and the status of the deceased in the car, as well as the alleged contributory negligence of the driver, presented a jury question, and was properly submitted to them.

The rule of law is too well settled at this time to be seriously controverted, that the status of the occupant of the car being established as that of a passenger, the contributory negligence of the driver of the vehicle cannot be attributed to

him, whatever posture that character of negligence of the driver may assume. *N. Y., L. E. & W. R. R.* v. *Steinbrenner*, 47 *N. J. L.* 161; *Erwin* v. *Traud*, 90 *Id.* 289.

The test is not as appellant argues, whether the business was that of deceased, but whether at the time he exercised control of the car, or occupied the status of a passenger or invitee.

To reach their verdict in this case the jury under the charge of the trial court, upon the testimony, must have primarily determined the status of the deceased as a passenger, exercising no control over the driver or the car, as well as the primary negligence of the defendant, and having so determined, the verdict here presented was the legal and inevitable result.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal* — BERGEN, J. 1.