## ERIE R. CO. v. FRITSCH et al. *

### SAME v. LANDAU et al.

#### Nos. 5195, 5194.

Circuit Court of Appeals, Third Circuit.

Aug. 28, 1934.

*Writ of certiorari denied 55 S. Ct. 213, 79 L. Ed. —.

Hobart & Minard, of Newark, N. J. (George S. Hobart and Ralph E. Cooper, both of Newark, N. J., of counsel), for appellant.

Saul M. Mann, of Paterson, N. J. (John E. Selser, of Hackensack, N. J., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

These are appeals taken from judgments of the District Court against the defendant, the Erie Railroad Company, in two suits to recover damages for injuries sustained in a crossing collision of the defendant's train with an automobile in which the plaintiffs, Mrs. Fritsch and Miss Landau, were riding. The actions were begun in the circuit court of the state of New Jersey and removed to the United States District Court.

The numerous assignments of error relate to alleged errors of the court in refusing to charge certain requests of the appellant to the jury; to questions of evidence of the negligence of the appellant, the Erie Railroad Company; to the question of contributory negligence of the appellees, the plaintiffs below, and, in the Landau case alone, to the additional questions of whether or not the alleged negligence of Mrs. Fritsch, the driver of the automobile, was attributable to Miss Landau, and to whether or not judgment should have been entered against Miss Landau because of alleged defects in her pleadings relating to her competency as a party.

We shall discuss these in the reverse order.

At the time her suit was commenced, Miss Landau was a minor. The record does not show the appointment of a next friend as required by 3 Comp. St. N. J. 1910, p. 4055, § 18, to carry on her suit against the defendant. During a former trial of these cases, the court appointed, on petition, David Landau as next friend. The appellant moved that the bill of complaint be dismissed on the ground that the effect of the appointment was to substitute a new party and to begin a new action which was barred by the statute of limitations. Grabert v. Central Railroad Company, 91 N. J. Law, 604, 103 A. 212. The court denied the motion. Miss Landau came of age prior to the entry of the judgment in the court below. The fact was noted on the record and an amendment allowed and judgment was entered for Miss Landau as an adult.

It is irregular but not fatal that an infant begins an action before the appointment of a next friend. The infant may sue out process before the next friend is appointed. Gillette v. Delaware, Lackawanna & Western Railroad Company, 91 N. J. Law, 220, 102 A. 673. Where a suit is begun by an infant and the fact is afterward discovered, the plaintiff may amend, if infancy does not continue; and the suit may go on as if properly begun. Moore v. Moore, 74 N. J. Eq. 733, 734, 70 A. 684; 31 C. J. 1157. That being the law, it is obvious that the judgment entered for Miss Landau is valid.

The learned trial judge refused to submit a request to the jury on the question of whether or not Miss Landau and Mrs. Fritsch were engaged in a joint enterprise. The appellant contends that the jury should have been permitted to decide that question. But there is no evidence in this case of a joint enterprise in which both women assumed mutual responsibility. Tronto v. Reo Motor Company, 92 N. J. Law, 595, 106 A. 383; Jacobson v. Bentley Morrison Corporation, 103 N. J. Law, 16, 135 A. 461. But if the instruction should have been given, the refusal is not a ground for reversal, as the verdict of the jury for Mrs. Fritsch established that she was not guilty of contributory negligence and made the error immaterial and not prejudicial.

The appellant says that there is no evidence that it was negligent and that the evidence shows that the appellees are barred from recovery by reason of contributory negligence.

If there is an actual conflict of evidence, the question can be decided by the jury only and its verdict cannot be reviewed by this court. It is established equally well that it is error for the trial court to refuse to direct a verdict for defendant if there is no more than a scintilla of evidence to support the plaintiffs' allegations of negligence. Pennsylvania Railway Company v. Chamberlain, 288 U. S. 333, 343, 53 S. Ct. 391, 77 L. Ed. 819.

768

The pleadings allege, as the issues of negligence, that the train involved in the accident was operated without a warning signal; that the crossing was maintained improperly; that the appellant failed to keep a signal bell or warning at the crossing in proper order and repair; and that the crossing watchman failed to perform properly his duties.

There was positive evidence by several witnesses that the appellant's train did not give warning of its approach, in that it failed to sound its bell or whistle. In the face of this evidence, the considerable number of the witnesses who testified that a warning was given contradicted themselves as to details of the warning. The appellant maintained a crossing watchman and a flashing signal at the crossing. There was evidence to support the contention of both parties as to whether or not the flasher was working and the watchman was performing his duties at the time of the accident.

Likewise, there was sufficient, if contested, evidence that the appellees stopped their automobile short of the crossing to look and listen for approaching trains; that their view was limited; that the watchman at the crossing was not at his post and no other warning was given such as would be expected by these appellees who were familiar with the crossing.

The number of witnesses for the appellant exceeded those for the appellees. The fact that, under certain circumstances, the number of witnesses on one side exceeds the number on the other, may be a factor to be considered by the jury in determining the weight of the evidence (Bowell v. Public Service Corporation, 77 N. J. Law, 231, 71 A. 119; Waskiewicz v. Public Service Railway Corporation, 80 N. J. Law, 694, 78 A. 159), but there is no general rule that requires a specific number or kind of witnesses to evidence a fact. Wigmore, Evidence, § 2033.

Finally, we do not find any substantial error in the refusal of the court to charge the appellant's requests to the jury. They related either to certain allegations which were not submitted to the jury or to matters already covered by the court's charge. The court limited the issues submitted to the jury and charged in its own words all the points which the appellant afterward assigned for error. It did not abuse its discretion in so doing.

The judgments are affirmed.