**RICE, Plaintiff-Appellee v. CLEVELAND RAILWAY COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19459. Decided February 21, 1944.

Woodle & Wachtel, Cleveland, for plaintiff-appellee.
William F. Marsteller, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

The plaintiff brought this action in the common pleas court seeking to recover damages from the defendant because of personal injuries he sustained in a fall while attempting to alight from one of the defendant's street cars.

On the evening of January 13, 1943, the plaintiff became a passenger on an eastbound Euclid Avenue street car. He boarded the car at the Public Square. The street car was one that had one entrance door at the front and two doors located in the middle of the car with the fare box placed between the center doors. The weather was cold and there was snow on

the ground. The witnesses all agree that the floor of the car was wet because of the snow tracked into the car by the passengers.

It is the claim of the plaintiff that as he was attempting to alight from the car at its regular stopping place at Euclid Avenue and Superior Avenue in East Cleveland, he slipped and fell, injuring his back. The plaintiff claims that the cause of his fall was the icy condition of the lower step at the rear exit door. That the ice on the step was caused by snow tracked into the car by passengers and negligently permitted to accumulate there; that the defendant in the exercise of the highest degree of care consistent with the practical operation of said street car, could and should have protected the plaintiff against such claimed dangerous condition.

Upon trial, the plaintiff was the only witness who testified as to the presence of ice on said step. He also testified, which testimony was not otherwise corroborated except as to the fact that he did fall as he was leaving the street car, that as he was stepping off the car his foot came in contact with the ice which caused him to slip and fall. His testimony as to the presence of ice on the step was directly contradicted by the conductor and three passengers. The conductor's station was right next to the step and two of the passengers were seated in the first seat behind the step. The other passenger was seated close by and testified that as she left the street car she particularly looked to see if there was ice on the step.

The trial resulted in a verdict for the plaintiff and in this appeal by the defendant, upon questions of law, it is contended that in the trial error intervened to the defendant's prejudice in the following particulars:

1. That the verdict is against the manifest weight of the evidence.

2. That one of the jurors was guilty of misconduct in failing to disclose certain information when being examined and accepted as a juror.

3. In refusing to give certain instructions to the jury in the general charge as requested by the defendant.

As to the first of these contentions, there is a divergence of opinion between the members of the court and therefore upon that ground the judgment cannot be disturbed.

An examination of the record, as to the misconduct of one of the jurors, does not clearly disclose that the juror knowingly withheld information which would be vital to her ability to act as a fair and impartial juror. She was not in the jury box when the question about the accident ex-

perience of the jurors or their families was asked. When she was called to take her place in the jury box, the questions put to her were general in character. She was asked if she had heard all of the questions asked the other prospective jurors and whether her answers would have been the same and under the circumstances whether or not she felt she could be fair to both sides in the trial of the fact issues in the case. The accident experience of her husband could have been very naturally overlooked by these questions. We therefore find no prejudice to defendant's rights under this contention.

Coming now to the refusal of the court to instruct the jury on the general charge as requested by the defendant.

The court in its charge on the question of the burden and degree of proof required upon the issues before a verdict could be returned, said:

"The burden of proof of course is upon the plaintiff and the plaintiff must prove his case by a preponderance of the evidence. By the burden of proof, we mean not necessarily that one side has more witnesses than the other, but that expression refers rather to the quality of the testimony than to the number of witnesses, and by a preponderance of the evidence means that one side has the more convincing evidence than the other. It is that evidence which moves your minds to determine the facts one way or the other. In other words, it is the over weight of the evidence * * *."

At the conclusion of the general charge, defendant's counsel, because of the particular circumstances of the case in that the plaintiff had produced only himself as a witness on the question of liability, while the defendant produced four witnesses, three passengers and one employee, requested the court to amplify the statement in the court's charge as to the weight if any to be given in favor of the side that produces the greater number of witnesses. The substance of the request was as follows:

"I charge you, as a matter of law, that if you find the witnesses to be equally credible, the number of witnesses testifying for or against the facts should be considered by you and given such weight as you consider proper."

The court refused to charge the jury as requested. In this we find the court committed prejudicial error.

The instruction on the consideration to be given to the number of witnesses given by the court in its general charge, is a correct statement of the rule in the general case, but in a case where there is a great disparity in the number of witnesses between the contending parties, if the jury should determine that the witnesses on both sides were of equal credibility and had equal opportunity of knowledge, then the jury should not be instructed that numerical strength is to be given no consideration whatever in determining where the greater weight of the evidence is to be found.

This question was before this court in the case of **Cleveland Railway Co. v Pollack, 45 Oh Ap 175,** when the plaintiff, as in the case at bar, was the only one called to support his claim against the defendant while three witnesses were called by the defendant. The court charged the jury:

"And to determine the weight of the evidence you do not count witnesses offered in a lawsuit on either side, nor on both sides, because in lawsuits witnesses are not counted but their testimony and evidence is weighed and you weigh it to determine its truthfulness, its credibility and its probability. You can easily understand why it would not be a fair rule to count witnesses offered, because we all know that the evidence of one truthful witness would out-weigh that of a hundred who were testifying falsely, so it would not be a good rule to count witnesses, and you weigh the testimony in the scales of credibility to determine what testimony is worth and the credence and reliability you will place upon it."

After this charge was given, the trial court was asked to give exactly the same charge as was requested in the instant case, to supplement the rule that generally speaking the number of witnesses is not the basis upon which the question of preponderance is determined, which request was refused. This court held, as indicated by the syllabus, in reversing the trial court for refusing the additional instruction on the consideration to be given to the numerical strength of the witnesses, that,

"Where one witness for plaintiff and three witnesses for defendant testified as to how the street car accident happened, instruction that number of witnesses was unimportant, held error and prejudicial."

It is contended by the plaintiff that the strength of this case is destroyed by the holding of the Court of Appeals of the Seventh District in the case of **Great Atlantic & Pacific Tea Co. v Hughes, 53 Oh Ap 255.** The court in that case held that an instruction to the jury that "the preponderance of the evidence is not to be measured by the number of witnesses * * *" "the preponderance of the evidence or proof is to be determined by you in this case from a consideration of all the testimony and all witnesses. Where you find the truth to be, there will you also find the preponderance of the evidence to be," was not erroneous. (See page 268 of the opinion.) The record does not disclose that there was, in that case, any great disparity in the number of witnesses called on either side or that the court was requested to amplify this instruction if there was a difference in the number of credible witnesses on one side or the other. The cases are therefore not not in conflict.

In 20 Amrican Jurisprudence, paragraph 1190, beginning on page 1044, the rule is stated as follows:

"Preponderance of the evidence, in other words, has no reference to the relative number of witnesses testifying for the opposing parties. The numerical strength of witnesses is not decisive of the weight of their testimony, and does not establish the truth of the matters as to which they may testify. The jury is free to believe the minority of the witnesses and a verdict based upon the testimony of such minority will not be disturbed because opposed to the testimony of the majority. Witnesses may be of equal candor, fairness, intelligence, and truthfulness, and be equally well corroborated by all the other evidence, and may have no great interest in the result of the suit, yet, the weight to be given their respective testimony may differ materially. The opportunity for knowledge, the information possessed, the manner of testifying, and many other things that go to convince the mind, must be taken into consideration. The preponderance of the evidence may be established by a single witness as against a great number of witnesses who testify to the contrary. Numerical preponderance of witnesses is, however, a circumstance to be considered along with all other facts and circumstances conducive to credence, or the reverse, in the testimony of the witnesses on either hand. A preponderance in number of witnesses is not in itself controlling, although there is a con-

flict of evidence, but it certainly is entitled to great consideration and should control unless there is special reason to credit the evidence of the smaller number. Many witnesses who are equally intelligent and equally truthful and free from bias and have equal opportunities for knowledge of the facts to which they testify are less likely to be mistaken, than the few."

See also **17 O. Jur. page 378, ¶301. 93 A. L. R. 166.**

In the case of Waskiewicz v.Public Service Ry. Co., 78 A. 159 (N. J. L. 1910) the court held, where there was a request as to the consideration to be given to the number of witnesses similar to the one in the instant case under like circumstances, which was refused:

"Syl. 1. A refusal of the trial court to instruct the jury in a proper case that, where the witnesses have all the same opportunities for observation and are of equal credibility, the number of witnesses on each side is a fact to be considered by the jury, is reversible error."

In the case of Davis v Phila. Rapid Transit Co., 228 Pa. 176, 139 Am. St. Rep. 1001, the court had for consideration a case where plaintiff contended that the car came to a stop before she attempted to alight therefrom, and the defendant contended that she stepped off the car before it came to a stop. The plaintiff was the only witness for her side of the case. Her evidence was contradicted by her affidavit made shortly after the accident and in its essential facts by the testimony of eight eye witnesses.

"Syl. 1. Where the testimony of eight credible witnesses is in direct contradiction of that of a single witness, the probabilities favor the evidence of the larger number."

And on page 1002 (Am. St. Rep.) of the opinion, the court said:

"The credibility of the witnesses for defendant was unimpeached and with eight of them testifying in positive contradiction of the plaintiff's unsupported statement, the evidence gave the defendant a marked advantage to which it was properly entitled under the rules, and which should not

have been minimized to its disadvantage in the charge of the court. Where the testimony of so many credible witnesses is in direct contradiction of that of a single witness, the probabilities are strongly in favor of the evidence of the larger number. Where witnesses are equally intelligent and equally truthful and free from bias, and have equal opportunities for knowledge of the facts to which they testify, the many are less likely to be mistaken than the few. In a conflict of evidence, mere number is not in itself controlling, but it certainly is entitled to great consideration and should control unless there be a special reason to credit the evidence of the smaller number. We think the result of the instructions of the learned trial judge to the jury was to unduly minimize the effect of the marked numerical preponderance of the witnessess who testified for the defendant. He said, 'true it is that in this case the defendant called many more witnesses than the plaintiff. The weight of the evidence in a case is not to be determined by the number of witnesses called on either side. The weight of the evidence is to be determined by the character of the evidence.' "

See also: Hadden v Phila. Rapid Transit, 217 Pa. 110; Felderman v Kims, Ill. App. 48; Noone v Olehy, 297 Ill. 160, 130 N. E. 476; 32 C. J. S. page 1055, paragraph 1022 C.

We conclude, therefore, that by the great weight of authority where there is a great disparity in the number of witnesses between the contending parties, the party having the greater number is entitled to an instruction to the jury, not that the jury is to be persuaded by mere numbers but that when the witnesses have had equal opportunity for knowledge and are of equal credibility, the jury may consider the number of witnesses as a circumstance in judging which side has the preponderance of the evidence.

The judgment is therefore reversed for error of law in refusing defendant's request for amplifying instructions in the general charge as to the consideration to be given to the number of witnesses under the circumstances set forth in the request, and cause remanded.

LIEGHLEY, J., concurs.
MORGAN, P. J., dissents.