CASE 4—PETITION EQUITY—JUNE 9.

# Hyatt v. James's adm'r.

8bu   9
f108 263

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. WHAT COURT MAY GRANT ADMINISTRATION.—On the estate of an intestate administration shall be granted in that court which would have had jurisdiction to grant a certificate of the probate of his will if he had died testate.   (Section 1, article 2, chapter 37, Revised Statutes, 1 Stanton, 502.)

2. ON THE ESTATE OF A NON-RESIDENT INTESTATE ADMINISTRATION shall be granted in the county where he died, or that wherein his estate, or the greater part thereof, shall lie, or where there may be any debts or demands owing to him. (Section 27, chapter 106, Revised Statutes, 2 Stanton, 465.)

*The word "estate,"* in *"wherein his estate* or the greater part thereof shall lie," means *real estate.*

Hyatt v. James's adm'r.

*In the county "where there may be any debt or demand owing to the decedent,"* the jurisdiction would not be defeated by the fact that his debtors had claims against his estate.

3. WHEN INTESTATE OWNS REAL ESTATE IN TWO OR MORE COUNTIES IN THIS STATE, PRESUMPTION IN FAVOR OF THE COUNTY COURT.— When it appears that the non-resident intestate owned real estate in the county in which the administration on his estate was granted, and that he also owned real estate in other counties in this state, this court will presume, in the absence of allegation or proof to the contrary, in favor of the action of the county court in which the administration was granted.

BARNETT & EDWARDS, . . . . . . . For Appellant,

CITED

2 Metcalfe, 306, Thumb v. Gresham.

JOHN T. BUNCH, . }
I. & J. CALDWELL, } . . . . . . . . For Appellee,

CITED

Revised Statutes, sec. 1, art. 2, chap. 37, 1 Stanton, 502.
Revised Statutes, sec. 27, chap. 106, 2 Stanton, 465.
Toller's Law of Executors, side pages 53, 54.
2 Metcalfe, 306, Thumb v. Gresham.
6 Monroe, 58, Thomas and wife v. Tanner.
9 B. Monroe, 428, Davenport v. Gentry.
3 Metcalfe, 493.                9 B. Monroe, 521.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

The material question presented by this record is whether the County Court of Jefferson County had jurisdiction to grant letters of administration to Thomas H. Crawford on the estate of Thomas James, who died intestate at his residence in Memphis, Tenn.

Sec. 1, art. 2, chap. 37, Revised Statutes, provides that when any person shall die intestate, *that court* shall have jurisdiction to grant administration on his estate which would have had jurisdiction to grant a certificate of the probate of his will had he died testate.

Sec. 27, chap. 106, Revised Statutes, provides that wills shall be proved before and admitted to record by the county

court of the county of the testator's residence. If he had no known place of residence in this state, and land is devised, then in the county where the land, or the greater part thereof, lies; if no land is devised, then in the county where he died, or that wherein his estate, or the greater part thereof, shall *lie*, or where there may be *any debt or demand* owing to him.

It is conclusively shown that the intestate at the time of his death had demands owing him on one or more persons residing in Jefferson County, which, under the provisions of the statutes *supra*, gave the County Court of Jefferson County jurisdiction to grant the letters of administration to appellee Crawford; nor could that jurisdiction be defeated by the fact that those debtors had claims against the estate of decedent which might be set off against the amounts they owed. But whether they had any just demands against intestate, and such as could be set up by way of defense against the debts owing by them, were questions to be ascertained and settled, which could not be done without the appointment and qualification of a personal representative; and the very fact that these questions might arise would seem to make it proper that the personal representative should be appointed in the county where the means for the just and proper settlement of these questions were most accessible; and that may have been the reason why the legislature conferred jurisdiction to grant letters of administration on the court of the county where the intestate had *any debt or demand due him.* But the statute confers jurisdiction to grant administration on the court of the county in which the estate of the non-resident intestate dying out of this state, or the greater part thereof, shall lie. The word estate here evidently means real estate; and as it appears that the intestate owned valuable real estate in the county of Jefferson, and although it appears that he owned real estate in other counties in Kentucky, it is not alleged nor proved that the greater part of his real estate did not lie in Jefferson

County. This court will presume, in the absence of allegation or proof to the contrary, in favor of the action of the county court.

Appellant's response to the rule against him was therefore properly adjudged insufficient, and the judgment of the chancellor is affirmed.