## Adkins' Admr. v. Big Sandy & Cumberland Railroad Company, et al.

(Decided February 20, 1912.)

### Appeal from Pike Circuit Court.

1. Railroads—Trespassers.—The mere use of a railroad track by the public does not convert the users from trespassers into licensees unless this use is at a place where the public have a

right to go and be, as at a public crossing or the like, or unless it is in a city, town or populous community where large numbers of people use the track, thereby putting upon the company the duty of anticipating their presence and the use of ordinary care to avoid injury to them.

2. Same—Trespassers—Railroad companies are not required to police their tracks for the purpose of keeping off intruders, nor are they to be held as consenting to its use because they do not take some police measure to prevent it. When a person, having no business with the railroad company goes upon its tracks or private property, he is a trespasser and takes things just as he finds them. The company is not required to keep its tracks or trains in order for his convenience or safety.

J. S. CLINE, J. H. ADKINS and ROSCOE VANOVER for appellant.

AUXIER, HARMAN & FRANCIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

George Adkins, on account of whose death this action was brought, was killed in November, 1909, while on the track of the appellee railroad company. A demurrer was sustained to the petition as amended, upon the ground that the facts averred did not state a cause of action. Declining to plead further, the petition as amended was dismissed, and the case is here for review, the only question being the sufficiency of the petition as amended.

The petition states in substance that Adkins was a laborer in the employ of the William Ritter Lumber Company, working at its saw-mill located on Knox creek about 1 1-2 miles from Davon, West Virginia. That the railroad extended from the mill to Davon, and there was no other practicable road between these two places. That Adkins on his return from Davon to the mill, and while lying asleep in an intoxicated condition on the track of the appellee company was run over and killed by one of its trains operated in the night time without a headlight. It is charged that:

"The defendant permitted the public to travel over said road to Davon, West Virginia, and that the said road had been used by the public for more than ten years previous to the death of the said George Adkins, and that the said company well knew of the said road being used by the traveling public for ten years next before the wrongful death of the deceased, George Adkins, and that

the defendant's employes well knew the fact of the said
road being used by the public for a road for travel and
that the said defendants consented to the said road being
used by the public, and by the defendant's employes, at
the time and before the death of the deceased, and that
they permitted same without any objections, that the said
company well knew of the said facts; and could have pre-
vented the said death by having used due diligence in
having their said train furnished with the proper head-
light.''

Upon this state of facts, it is the contention of coun-
sel for appellant that it was the duty of the persons in
charge of the trains operated over this road to anticipate
the presence of persons on the track, and to protect them
from injury by the exercise of the care that is requried
to protect licensees, that is, by keeping a lookout, giving
warning of the approach of the train, and running it at
a reasonable rate of speed, and having it so equipped as
to make effective the lookout and warning. On the other
hand, the argument for the railroad company is that
Adkins was a trespasser, and that the company owed
him no duty whatever except to exercise ordinary care
to avoid injury to him after his peril was discovered. As
there is no claim that his peril was discovered in time to
avoid striking him, the only question in the case is, was he
under the facts stated in the petition a licensee and en-
titled to the protection afforded licensees. He was not kill-
ed at a crossing, or in a town or populous community, but
while on the track of the company in what may be called
a rural or unsettled district. But it is attempted to bring
the case under the principles of law we have applied to
licensees by the averment that the company had con-
sented to the use, by the public generally and the em-
ployes of the lumber company, of its track at the place
where he was killed, for ten years or more. The mere
use of a railroad track by the public does not convert the
users from trespassers into licensees, unless this use is
at a place where the public have a right to go and be, as,
at a public crossing or the like, or, unless it is in a city,
town or populous community where large numbers of
people use the track, thereby putting upon the company
the duty of anticipating their presence upon the track,
and the use of ordinary care to avoid injury to them. It
is a fact so well known that we may take knowledge of it
that there is not a railroad track in the State that is not
used in more or less degree by the public. Persons are

continually walking on railroad tracks in all parts of the country. Railroad companies are not required to police their tracks for the purpose of keeping off these intruders, nor are they to be held as consenting to its use because they do not take some police measure to prevent it. Railroad companies are entitled to the exclusive use of their tracks and private property at places where the public have no right to go; and when a person having no business with the railroad company goes upon its tracks or private property, he is a trespasser and takes things just as he finds them. The company is not required to keep its tracks or trains in order for the convenience or safety of trespassers. It owes them no duty whatever except the humane one of saving them if it can be done by ordinary care after it has discovered they are in danger. If under the facts stated in the petition Adkins could be treated as a licensee entitled to the protection afforded licensees, then every person who went upon a railroad at any place in the State would be a licensee. There is no averment in the petition that by fair construction or intendment can take the deceased out of the class of trespassers.

The principles controlling this case have been so often announced by this court that it does not seem necessary to do more than cite the following authorities in support of the proposition that mere acquiescence by a railroad company in the use of its tracks at places similar to that where deceased was killed, gives them no license to use it. Eastern Kentucky Railroad Co. v. Powell, 17 Ky. Law Rep., 1051; Illinois Central R. Co. v. Tyson, 32 Ky. Law Rep., 1390; C. & O. Ry. Co. v. Perkins, 20 Ky. Law Rep., 608; Starett v. C. & O. Ry. Co., 110 S. W., 282; C. & O. Ry. Co. v. See's Admr., 25 Ky. Law Rep., 1995; Brown v. L. & N. R. Co., 97 Ky., 228; C. & O. Ry. Co. v. Nipp, 125 Ky., 49.

Wherefore, the judgment is affirmed.