## QUIN v. KANSAS CITY SOUTHERN RY. CO.

### No. 2483.

District Court, W. D. Louisiana, Shreveport Division.

May 1, 1934.

Jones & Jones and Percy Woodard, all of Marshall, Tex., and Barksdale, Bullock, Warren, Clarke & Van Hook, of Shreveport, La., for plaintiff.

Wilkinson, Lewis & Wilkinson, of Shreveport, La., for defendant.

DAWKINS, District Judge.

This case was submitted upon a motion to strike the demand of the plaintiff as administratrix of the estate of her deceased husband, under the state Workmen's Compensation Law (Act La. No. 20 of 1914 as amended), as well as upon an exception of no cause or right of action, a plea in bar or prescription of one year, a plea of misjoinder of parties plaintiff and causes of action, and a motion to elect. Since these matters were argued and submitted, plaintiff has filed an intervention on behalf of herself individually and as the representative of her minor children, which will be allowed.

The exception of no cause or right of action was directed to the point that in the original petition, the plaintiff having sued only as administratrix as she was required to do under the Federal Employers' Liability Act (45 USCA §§ 51–59), no right of action was shown as to the alternative claim

which she made under the state Workmen's Compensation Law. However, her subsequent appearance individually and for her minor children, I think, has cured whatever defect may have existed on that ground. I see no reason why a plaintiff may not submit her right to recover under one or the other statutes where it is dependent upon the same state of facts, as here. The matter will be determined by the proof as to whether the deceased was actually working in interstate commerce at the time he was killed. There is no inconsistency and the court can easily instruct the jury as to the legal issues under each statute, which will apply according to whether they find as a matter of fact the deceased was or was not so working. The requisite diversity of citizenship is alleged, and it is just a question of which statute applies under the facts alleged and as they will be proven.

■■ The alternative demands of the character made here, I think, may be alleged and for the reasons above stated I see no sufficient basis for sustaining the motion to elect as to which law she will rely upon. Neither do I think the plea in bar or prescription can be sustained. The demand under both statutes was made in the original petition, the only deficiency being that she sought to recover as administratrix only, and now she has come in individually and for her minor children.

These pleas and exceptions will, therefore, be overruled.

Proper decree should be presented.