## Jewel Tea Co. et al. v. Walker's Adm'r.

Feb. 24, 1942.

As Modified and Extended on Denial of Rehearing April 28, 1942.

T. O. Jones for appellants.

S. C. Eaves and J. C. Cannady for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The appellee, W. A. Walker, suing as administrator of the estate of John. Walker, deceased, brought this action in the Muhlenberg circuit court to recover of appellants for the death of decedent which resulted from being struck by a motor truck owned by appellant Jewel Tea Company and being operated by appellant Bill Wood. The accident occurred in Muhlenberg county on the 13th day of March, 1938. Soon after the death of decedent, appellee, a resident of Webster county, Kentucky, was appointed administrator of the decedent's estate, by the county court of Webster county. A trial of the case resulted in a jury verdict and judgment thereon in the sum of $2,000 in favor of the administrator, and to reverse that judgment the appellants have prosecuted this appeal, insisting upon a reversal upon various grounds, one of which is that the appointment of appellee by the Webster county court as administrator of the estate of the deceased was void and hence appellee was without right to maintain this action.

It is alleged in the petition that John Walker, the deceased, died intestate a resident of Webster county, Kentucky, and that immediately thereafter appellee was by proper orders of the Webster county court appointed administrator of the decedent's estate and thereupon qualified and is now the duly acting qualified administrator of the said John Walker. The petition further alleges that the accident was caused by the negligent operation of the motor truck owned by appellant Jewel Tea Company and being operated by appellant Wood. Appellants filed a general demurrer to the petition and

without waiving same filed their answer denying the allegations of negligence on the part of Wood in the operation of the truck but did not deny the allegations with respect to the appointment of appellee as administrator of the decedent's estate, or that he was the duly acting qualified administrator of the decedent's estate.

It developed however, by the evidence of appellee administrator, that his decedent John Walker was a resident of Springfield, Illinois, at the time of his death and was not a resident of Webster county, Kentucky, as alleged in the petition. It is admitted that appellee, administrator, resided in Providence, in Webster county. The court then ruled that evidence on the question of the residence of decedent was irrelevant and incompetent, since there is no denial in the pleadings that appellee was the duly appointed and qualified administrator of the estate of the decedent. Counsel for appellants then stated that he did not know until that time that the decedent was not a resident of Webster county, Kentucky, at the time of his death and did not know that appellee was not the legal administrator of the estate of the decedent until after the trial began on that day when appellee testified, and further stated that it is now shown that the decedent was a resident of the state of Illinois at the time of his death. Counsel then moved the court to dismiss the case because the Webster county court that appointed appellee as administrator had no authority to make such appointment because decedent was not a resident of Webster county at the time of his death, but was a resident of Springfield, Illinois, and the injury resulting in his death occurred in Muhlenberg county, and therefore the attempted appointment of an administrator by the Webster county court was void for want of jurisdiction. The court sustained objections to the motion on the ground that there was no denial of the allegations in the petition that decedent was a resident of Webster county at the time of his death, or that appellee was the duly qualified and acting administrator of decedent's estate and, therefore, no issue to which evidence could be directed.

Counsel for appellants then moved the court to discharge the jury and continue the case on the grounds of surprise, in that they did not know until the trial started that appellee was not legally appointed administrator, and not authorized to maintain the action, and asked an

opportunity to present the facts, if the court needed further facts, in support of his motion. The court again sustained objections to this motion on the ground that there was no issue made in the pleadings on the question, and further, that there was no showing that counsel could not have by the exercise of due diligence known of the facts.

The first question to be determined is whether or not the order of the Webster county court appointing appellee administrator of the estate of decedent is void. Sections 3894 and 4849, Kentucky Statutes, read together, provide that if a decedent is a resident of this state the county court of the county of his residence at the time of his death has exclusive jurisdiction to grant administration. It has been held in numerous cases that the appointment of an administrator by the county court of a county other than that of a decedent's residence is void. Jones' Adm'r v. Lay et al., 23 Ky. Law Rep. 2113, 66 S. W. 720; Walter's Adm'r v. Kentucky Traction & Terminal Co., 206 Ky. 100, 266 S. W. 887; Hyatt v. James' Adm'r, 8 Bush 9, 71 Ky. 9. It is the equally well-settled rule that where a nonresident of this state dies as a result of personal injury received in this state and leaves no property or indebtedness due him in this state other than the right of action for his death, the county court of the county wherein such injury was received has jurisdiction to grant administration. Chesapeake & Ohio Railway Co. et al. v. Ryan's Adm'r, 183 Ky. 428, 209 S. W. 538; Brown's Adm'r v. Louisville & Nashville Railroad Co., 97 Ky. 228, 30 S. W. 639. In the present case there is no contention that the decedent left any property or any debts owing to him in this state, other than the right of action for his death.

It is not insisted in brief for appellee that the county court of Webster county had the right or jurisdiction to appoint an administrator of decedent's estate. He relies solely upon the fact that the allegations in the petition with respect to the appointment of appellee as administrator, as we have hereinbefore recited, were not denied. Since, however, the county court of Webster county was without jurisdiction to appoint an administrator of decedent's estate and the attempted appointment being void, we do not think that under the facts disclosed in this record, the failure of appellants to deny that appellee was legally appointed, or the legally constituted adminis-

trator of decedent's estate, constituted a waiver of the question, if it be conceded that such question could be waived, or that it gave any life or validity to such void appointment. It appears that the decedent was a stranger to appellants and the people in the community where the accident occurred and his identification was not established until the evening of the next day after he died. It was finally learned that his name was John Walker and that his brother W. A. Walker, appellee herein, lived in Providence, Webster county, Kentucky. The county court of Webster county then proceeded to appoint appellee administrator of decedent's estate. Since the statute gave jurisdiction only to the county court of the county of the residence of the decedent to grant administration and, it being alleged in the petition that decedent was a resident of Webster county, in such circumstances it was natural or reasonable for appellants to assume that decedent was a resident of Webster county. It appears that the question was raised at the first reasonable opportunity. If appellants had not raised the question at any time in the court below, and had attempted to raise it for the first time in this appeal, a different question might be present. It is said in brief for appellee that after appellants were informed of the facts they merely moved for a dismissal of the case, or, alternatively, a continuance, in order that they might plead the facts, but no pleading was offered. Conceding, without deciding the question, that if it had been shown by some witness other than the plaintiff himself that decedent was a nonresident of the state and not a resident of Webster county, appellants then should have offered an amended answer to conform to the facts, yet, since appellee (plaintiff) showed by his own evidence that his appointment as administrator was void, which in law was no appointment, it was then made manifest to the court that appellee was not the administrator of decedent's estate, and that being true he had no right to maintain the action. In the Jones case, supra, it was held that where an appointment of an administrator by a county court is void for want of jurisdiction, the circuit court has no jurisdiction of an action by the administrator suing under such void appointment.

And, furthermore, at the conclusion of appellee's evidence and again at the conclusion of all the evidence, appellants moved the court for a directed verdict in their favor. It is the rule that a motion for a directed verdict

or a nonsuit is a search of the record and if it is made manifest in the record that the party making such motion is entitled thereto, it is the duty of the court to sustain the motion. In Johnson et al. v. Harvey et al., 261 Ky. 522, 88 S. W. (2d) 42, 49, a county court other than the county of a testator's residence admitted to probate the will of the testator which fact was made manifest by the evidence upon the trial of the case and a motion for a directed verdict was made upon that ground. In disposing of that question, the court said:

"In this case the preliminary fact was the domicile of Johnson in Jefferson county. The trial court, as well as the Jefferson county court, in effect, found that domicile to be in Jefferson county, which was against the weight of the evidence, and therefore erroneous.

"Plaintiffs' motion for a directed verdict searched the record. See, Utterback's Adm'r v. Quick, 230 Ky. 333, 19 S. W. (2d) 980. That search discloses that the jurisdiction of both these courts was limited to the probate of wills of testators who died domiciled in Jefferson county, and the proof shows Johnson's domicile was in Warren county, hence neither of these courts had jurisdiction of the particular subject-matter because of its extraterritoriality; therefore, the judgment is reversed, the trial court will set it aside, and in lieu thereof will enter a judgment directing the Jefferson county court to set aside its probate of this paper, and dismiss the proceeding."

In Cincinnati, New Orleans & Texas Pacific Ry. Co. v. Rue et al., 142 Ky. 694, 134 S. W. 1144, 1146, 34 L. R. A., N. S., 200, the rule is thus stated:

"To authorize an instruction as in case of a nonsuit, it should appear that, admitting his testimony be true, and every inference that is fairly deducible from it, the plaintiff has still failed to support his claim."

It would appear, under the rule supra, that even though appellants had not questioned the validity of appellee's appointment as administrator until the conclusion of the evidence, the motion for a directed verdict seasonably raised the question.

We conclude, therefore, that since appellee's appointment as administrator was void he had no right to maintain this action and the court should have sustained appellants' motion to dismiss the case or peremptorily instructed the jury to find a verdict for the appellants.

The judgment is reversed and remanded with directions to set it aside and to grant appellant a new trial and, if the evidence on another trial as to the decedent's residence is the same, to dismiss appellee's petition, and for proceedings consistent with this opinion.