### DEUPREE v. LEVINSON et al.

### No. 11104.

United States Court of Appeals
Sixth Circuit.

Dec. 22, 1950.

Robert S. Marx, Cincinnati, O., (Robert S. Marx, Frank E. Wood, Jr. and Harry M. Hoffheimer of Nichols, Wood, Marx & Ginter all of Cincinnati, Ohio, Garey & Garey, New York, N. Y., on the brief) for appellant.

Charles Lester, Jr. Newport, Ky., for appellees.

Chas. E. Lester, Jr. of Lester & Riedinger, Newport, Ky., on the brief, for Louis Levinson appellee.

Marion W. Moore, of Blakely, Moore & Blakely, Covington, Ky., on the brief, for Mitchell A. Hall appellee.

Before HICKS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The principal question presented by this appeal is whether admiralty cases are controlled by the decisions of state courts. The appeal arises out of a judgment of the United States District Court for the Eastern District of Kentucky which dismissed a libel in admiralty. The libel prayed for damages for the alleged wrongful death of Katherine Wing, a resident of New York State, who died June 19, 1948, as the result of a boat collision on the Ohio River in Campbell County, Kentucky. Appellee Levinson's answer admitted that Miss Wing was a passenger in a motorboat owned and operated by him on the date named. The libel averred that a motorboat owned and operated by appellee Hall collided with the motorboat operated by appellee Levinson, as a result of negligent, willful and malicious conduct on the part of both appellees which caused injuries resulting in decedent's death.

The libel, filed December 7, 1948, set forth that a domiciliary administratrix had been appointed in New York State on October 22, 1948, and that appellant had been appointed ancillary administrator by the Kenton County, Kentucky, court on December 7, 1948. Answers in the nature of general denials were filed March 23, 1949. Appellees then moved for an order requiring appellant to give security for all costs and expenses which might be awarded against them. On July 7, 1949, after the one-year period of limitation had run, § 413.140, KRS, appellant filed an affidavit for leave to sue in forma pauperis, which stated that "Libelant's decedent was possessed of no estate out of which costs or expenses herein can be paid or from which security therefor can be given." Special demurrers were filed upon the ground that the court had no jurisdiction to try the action; that the court had no jurisdiction over the subject matter of the action; and that appellant had not legal capacity to sue. The special demurrers were sustained, but the court granted appellant leave to file an amended libel. On July 29, 1949, an amended libel was filed which alleged that on July 28, 1949, appellant was appointed ancillary administrator in Campbell County, and that the libel was filed by him in such capacity. Other than this new al-

legation, the cause of action stated in the amended reply was identical with that originally stated. General demurrers were filed to the amended libel on the ground that it did not "state facts sufficient to constitute or support a cause of action." The court sustained the demurrers and dismissed the amended libel for reasons stated in a memorandum, which reads as follows:

"The general demurrer should be sustained. While this claim for wrongful death is prosecuted in admiralty the law of Kentucky must control and the state wrongful death statute is the authority for the libel. The provisions of a state statute giving or regulating rights of action for death shall not be affected by the enabling admiralty procedure statutes. 41 Stat. 538; 46 F.C.A. 767 [46 U.S.C.A. § 767].

"Under the Kentucky authorities the appointment of William Deupree, Jr., as ancillary administrator by the Kenton County Court was void. The amendment setting up his subsequent appointment by the Campbell County Court, shown on the face of the record to be more than a year after the alleged wrongful death cannot relate back to the inception of the libel proceeding and the claim is barred. Vassill's Adm'r, etc. v. Scarsella, 292 Ky. 153, [166 S.W.2d 64]; Jewell Tea Co. v. Walker's Adm'r, 290 Ky. 328 [161 S.W.2d 66]."

Appellant contends that the District Court erred in holding (1) that decedent had no property within the state for payment of or security for possible costs or expenses; and (2) that the Kentucky decisions cited are controlling and require dismissal of the action. Appellees urge that both the Kentucky decisions and the holding of the Supreme Court in Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, require affirmance.

As to the first point, the District Court, in ruling on the special demurrers, held that the appointment of an ancillary administrator by the Kenton County court was void because appellant's affidavit in forma pauperis stated that the decedent had no property within the state for payment of or security for possible costs or expenses.

Assuming, but not deciding, that the District Court upon demurrer could consider the affidavits filed with the application to proceed in forma pauperis, this record clearly shows that there is an asset of the estate sufficient to support a grant of letters of administration. It is not necessary that the assets relied upon as a basis for local administration should be tangible. A mere claim or right of action enforceable within the jurisdiction, such as the present death action, will support a grant of administration. This is the established law of Kentucky. Chesapeake & Ohio Ry. Co. v. Ryan's Adm'r, 183 Ky. 428, 209 S.W. 538. In this case the intestate received the injury resulting in his death in Carter County, Kentucky, but died in West Virginia. The Court of Appeals held that the Carter County court had jurisdiction to appoint the plaintiff as administrator, notwithstanding the intestate was a non-resident of Kentucky, his death occurred in another state, and he left no property or indebtedness due him in Kentucky other than his right of action. Cf. Austin's Adm'r v. Pittsburgh C., C. & St. L. Ry. Co., 122 Ky. 304, 91 S.W. 742, 743, 5 L.R.A.,N.S., 756, which held that where a non-resident has been killed in Kentucky by the tort of another, administration upon the estate of the non-resident decedent will be granted in Kentucky, because the statute which gives the right of action to the estate of the decedent for his death "ex necessitate rei" confers jurisdiction by implication to appoint an administrator to prosecute the suit.

In Brown's Adm'r v. Louisville & N. R. Co., 97 Ky. 228, 232, 30 S.W. 639, the court declared that the county where the decedent was injured and died was the proper county to grant administration; later Chesapeake & Ohio Ry. Co. v. Ryan's Adm'r, supra, 183 Ky. at page 430, 209 S.W. 538, held that the occurrence of the injury alone is sufficient. The appointment in Campbell County, then, is supported by the existence of an asset, namely, a cause of action alleged to have arisen in Campbell County.

But since the first ancillary administrator was appointed not in Campbell County, but in Kenton County, the District Court held that appointment to be void under Kentucky law and not cured by the appointment in Campbell County after the statute of limitations had run. As to this feature of the decision, appellant contends that the District Court erred in its construction of the Kentucky law and in holding that Vassill's Adm'r v. Scarsella, 292 Ky. 153, 166 S.W.2d 64, and Jewel Tea Co. v. Walker's Adm'r, 290 Ky. 328, 161 S.W.2d 66, are decisive. He urges that the Kentucky courts have held that defective appointments of this kind are not void, but voidable. We think, however, that if the decisions of the Kentucky courts are to be applied in this admiralty case, the judgment of the District Court must be affirmed. The critical question, therefore, is whether the decisions of the state court are controlling, or whether the federal and admiralty law should be applied.

■■■ Upon this question we start with the basic proposition that this case is not grounded upon diversity of citizenship. As to diversity cases, "a federal court adjudicating a State-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State * * *." Guaranty Trust Co. of New York v. York, supra, 326 U.S. at page 108, 65 S.Ct. at page 1469. This was a case which applied the rule of Erie R. Co., v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 in an equity case involving the applicability of a state statute of limitations. If this holding governs in admiralty cases, the District Court was clearly correct in dismissing the action herein. But, as recently pointed out by the Supreme Court, the decision in Erie R. Co. v. Tompkins relates "only to the law to be applied in exercise of that [diversity] jurisdiction". United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 1608, 91 L.Ed. 2067. Compare the statement made by Mr. Justice Jackson in his concurring opinion in D'Oench, Duhme & Co., Inc. v. Federal Deposit Ins. Corp., 315 U.S. 447, 467, 62 S.Ct. 676, 683, 86 L.Ed. 956, that

"The Court has not extended the doctrine of Erie R. Co. v. Tompkins beyond diversity cases."

41 Stat. 538, 46 U.S.C.A. § 767 46 F.C.A. 767, cited in the District Court's memorandum (46 U.S.C. § 767), sheds no light upon the problem. It relates to actions for death on the high seas, and does not cover actions arising, as this, upon navigable rivers. Viewing the question as an open one, therefore, not ruled upon by the Supreme Court, we look to the practice in the federal and admiralty courts for guidance.

■■ It is a long-established rule in the federal courts that administrators are permitted to secure and perfect ancillary administration in states where the decedents were non-residents, even after the running of the statute of limitations. A lack of letters of administration may be cured or an objection of want of capacity to sue may be avoided by substitution of the proper party at any time before hearing, and later appointments of this nature relate back and validate the proceedings from the beginning. The leading case to this effect is Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355. There plaintiff, as sole beneficiary, brought an action provided for under state law. After the statute of limitations had run, the petition was amended to set up a federal cause of action and was filed by plaintiff both individually and as administratrix. The Supreme Court pointed out that, aside from the capacity in which plaintiff brought the action, there was no substantial difference between the original and the amended petitions, and held that the action was not barred. Here, too, the amendment in no way changes the issues, and in no way prejudices the appellees. Also in the instant case there is no change in the party bringing the action, but simply an amendment as to his capacity. The liberality of amendment in the federal courts goes even farther than this, allowing an actual change in the party plaintiff. Leman v. Baltimore & Ohio R. Co., C.C., 128 F. 191; Quaker City Cab Co. v. Fixter, 3 Cir., 4 F.2d 327; Quin v. Kansas City Southern Ry. Co., D. C., 8 F.Supp. 78; Jacobs v. Pennsylvania

R. Co., D.C., 31 F.Supp. 595; Van Doren v. Pennsylvania R. Co., 3 Cir., 93 F. 260.

To the same effect, cases involving the statute of limitations are Hodges v. Kimball, 4 Cir., 91 F. 845; Dodge v. Town of North Hudson, C.C., 188 F. 489; Erie R. Co. v. Fritsch, 3 Cir., 72 F.2d 766; McDonald v. State of Nebraska, 8 Cir., 101 F. 171; Salyer v. Consolidation Coal Co., 6 Cir., 246 F. 794; cf. Keystone Coal & Coke Co. v. Fekete, 6 Cir., 232 F. 72, certiorari denied, 242 U.S. 635, 37 S.Ct. 18, 61 L.Ed. 539; United States v. Powell, 4 Cir., 93, F. 2d 788; United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619.

■ These decisions are based upon the general proposition that in such cases the defect is purely formal or procedural, and that essential justice requires that liberal amendment be permitted. Numerous other decisions could be cited to the same effect, but it is sufficient to refer to 74 A.L.R. 1270, which states: "While the cases are not in entire harmony, it is usually held that an amendment changing capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of limitations."

See also 5 Cyc. of Federal Procedure, §§ 1927-1929. It is pointed out repeatedly, as is in fact the case here, that there is no actual change in the cause of action and that the defendants are in no way prejudiced by allowing the amendment. As stated by Mr. Justice Holmes in N. Y. Central & Hudson River Rd. Co. v. Kinney, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294, "when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

■ The irregularity relates, the courts hold, not to the cause of action but to the method of enforcing it. A statutory provision requiring action to be brought by an executor or administrator is not an essential part of the right created nor a jurisdictional prerequisite to the court's power to entertain the action. The important part of the law is that which gives a right of action, and not that part which provides who may enforce it; the latter is an incidental provision. Lang v. Houston, W. St. & P. F. R. Co., 75 Hun 151, 27 N.Y.S. 90. Here the person authorized to enforce the action was the person representing the deceased, § 413.140(1), KRS, and under Kentucky law he is a merely nominal party. Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060. Cf. Stewart v. Baltimore & Ohio R. Co., 168 U.S. 445, 449, 18 S.Ct. 105, 42 L. Ed. 537. The substitution of one nominal party for another who has sued in the same capacity is permitted under federal law and relates back to the commencement of the action regardless of the statute of limitations. Montgomery Ward & Co. v. Callahan, 10 Cir., 127 F.2d 32; Lopez v. United States, 4 Cir., 82 F.2d 982, 987; United States v. Powell, supra.

■ It is significant that the limitation held by the District Court to bar the action is not embodied in the substantive law which creates the right of action. The Kentucky death statute, § 411.130, KRS, contains no limitation period. This was pointed out in Irwin v. Smith, 150 Ky. 147, 149, 150 S.W. 22, and Finck v. Albers Super Markets, 6 Cir., 136 F.2d 191, 192. The one-year limitation which appellant concedes applies here is embodied in the general statute of limitations, § 413.140, KRS. Such a statute is procedural only. The Kentucky court in Louisville & Nashville R. Co. v. Burkhart, 154 Ky. 92, 98, 157 S. W. 18, 46 L.R.A.,N.S., 687, recognized, with reference to an Indiana employer's liability statute containing no limitation period, that since the statute that creates the right does not prescribe the period of limitation, the limitation as to time contained in a separate statute is not to be treated as a part of the right.

■ Even in diversity cases, while the substantive right created by statute is controlled by state law, Erie R. Co. v. Tompkins, supra, procedural matters are govern-

ed by the law of the forum. How the appellant should proceed and in whose name the action is brought is a matter of form only. Montgomery Ward & Co. v. Callahan, supra. The court in the Callahan case held that although suit had not been filed by the proper party within the period of the Kansas statute of limitations, the claim was not barred.

In Echevarria v. Texas Co., D.C., 31 F. Supp. 596, an administratrix was appointed in a district of Puerto Rico in which the decedent was not a resident. After the statute of limitations had run, plaintiff was appointed administratrix in the proper district by nunc pro tunc order. The order held the nunc pro tunc order ineffective, but indicated that substitution of a personal representative appointed in the proper district would be permitted although the statute of limitations had run.

The same principles are applied in admiralty cases. The Horsa, D.C., 232 F. 993. Admiralty procedure does not conform to the laws of the various states, but is uniform throughout the country; the practice or procedure is extremely liberal and the rules governing such practice are even less technical than those of equity. 2 C.J.S., Admiralty, § 70.

 It has always been the practice in American admiralty courts to allow the parties every opportunity to place their whole case before the court and to enable the court to administer substantial justice between the parties. It is therefore the long-established rule that omissions and deficiencies in pleadings may be supplied and errors and mistakes in practice in matters of substance as well as of form may be corrected at any stage of the proceedings for the furtherance of justice. 2 Benedict on Admiralty (6th Ed.), 557. "Where merits clearly appear on the record, it is the settled practice, in admiralty proceedings, not to dismiss the libel but to allow the party to assert his rights in the new allegation." Mr. Justice Story, in The Adeline, 9 Cranch 244, 3 L.Ed. 719; Galatis v. Galatis (The Miss Nassau), 5 Cir., 55 F.2d 571. Amendments to libels are freely permitted under Rule 23, Rules of Practice in Admiralty and Maritime Cases, 28 U.S.C. A. The S. S. Nea Hellis, 2 Cir., 116 F.2d 803; The Beaconsfield, 158 U.S. 303, 15 S. Ct. 860, 39 L.Ed. 993; Boston Ins. Co. v. City of New York, 2 Cir., 130 F.2d 156. Amendments are permitted in admiralty with much more liberality than at common law. The Hamilton, 2 Cir., 146 F. 724.

 In accordance with these principles it is held that an amendment of a libel dates back to the original filing. Flynn Export Co. v. E.D. 2 Benedict on Admiralty, 562. This is true even though the statute of limitations has intervened. Hanson v. U. S. (The Pequot) D.C., 4 F. 2d 745; Rademaker (The Resolute) 5 Cir., 17 F.2d 15; Weldon v. United States, 1 Cir., 65 F.2d 748, 749. In the Weldon case an order of the District Court denying a motion for substitution of libelant was reversed, although the statute of limitations had run. The court held that the decision of the Supreme Court in Missouri, Kansas & Texas Ry. Co. v. Wulf, supra, was decisive of the case, pointing out that "Cases in which the defendant was not brought into court until after the period of limitation had expired stand on a very different footing. See Davis, Agents, v. Cohen & Co., Inc., 268 U.S. 638, 45 S.Ct. 633, 69 L. Ed. 1129. * * *"

A recent admiralty case to the same effect is Bochantin v. Inland Waterways Corp., D.C., 9 F.R.D. 592, 594. There a decedent had been drowned in the Mississippi River at St. Louis, Missouri. The Missouri wrongful death statute contains a one-year limitation provision, and in that particular the case was stronger against the plaintiff than the instant case, for the limitation might be considered to be part of the right. The death occurred February 27, 1948, and suit was instituted in admiralty by the administratrix February 26, 1949. The respondent objected to the libel on the ground that the statute provided that decedent's minor children and not the administratrix, should act as libelants. After the statute had run, the administratrix moved to amend by substituting her-

self as libelant in the capacity of next friend of the minor children. The court said: "All parties agree if state law is to control, the forum being Missouri, libelant must be denied the right to amend", citing Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W.2d 1. The court, pointing out that all that was sought by the libelant was to change her representative capacity from administratrix to next friend, and that no change whatever was made in the charge upon which recovery was sought, declared that the rule of Erie R. Co. v. Tompkins was inapplicable, and that under the admiralty rules, equity powers incidental to admiralty, and the federal decisions on substitution, the application should be granted to safeguard the administration of justice.

We conclude that the state law is not controlling. Since both federal law and admiralty law permit the procedural amendment sought to be made, we think the District Court erred in dismissing the action.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.