**CARLSON v. UNITED STATES (ILLINOIS CENTRAL R. CO., Inc., third party defendant).**

**Civ. No. 670.**

United States District Court
W. D. Kentucky, at Paducah.

March 16, 1953.

Lucius E. Burch, Jr., Memphis, Tenn., and James G. Wheeler of Wheeler & Marshall, Paducah, Ky., for plaintiff.

Charles F. Wood, Asst. U. S. Atty., Louisville, Ky., for defendant, third-party plaintiff.

Thomas J. Wood of Stites, Wood, Helm & Taylor, Louisville, Ky., for third-party defendant.

SHELBOURNE, Chief Judge.

This case is presently before the Court on the motion of the plaintiff Della Irwin Carlson, Executrix of the estate of Peter A. Carlson, deceased, to substitute in the place and stead of said plaintiff, Thomas J. Marshall, Jr., Ancillary Administrator of Peter A. Carlson.

The action was instituted by the plaintiff against the United States under the provisions of Section 1346(b), Title 28, U.S. Code, popularly called the Federal Tort Claims Statute; the pertinent portion thereof conferring exclusive jurisdiction of civil actions on claims against the United States for money damages accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act of any employee of the Government acting within the scope of his employment, *"under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."* [Emphasis added.]

It appears from the complaint that the decedent, Peter A. Carlson, received injuries, from which his death ensued, in Hickman County, Kentucky, and was at the time of his death a resident of the State of Tennessee.

The United States objects to the substitution of the ancillary administrator appointed in Kentucky, on the grounds (1) that the Executrix has had no capacity to sue and the suit by her was a nullity and (2) that no substitution could therefore be made.

Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C., provides that in cases of this character, the capacity to sue shall be determined by the law of the State in which the District Court is held.

Plaintiffs concede that under the law of Kentucky, the Executrix lacks the legal capacity to bring this action and concede that if this were an action under the law of the State of Kentucky against an individual defendant, defendant's position would be sound. Plaintiff alleges, however, that since plaintiff's cause of action arises under the law of the United States, the law of Kentucky is not controlling.

Defendant's Counsel relies upon Brown's Adm'r v. Louisville & Nashville R. R. Co., 97 Ky. 228, 30 S.W. 639 and Chesapeake & Ohio Ry Co. v. Ryan's Adm'r, 183 Ky. 428, 209 S.W. 538, and the following Federal cases—to the effect that a representative of an estate not properly appointed cannot maintain an action in Federal Court—Coburn v. Coleman, D.C., 75 F.Supp. 107, Downing v. Howard, D.C., 68 F.Supp. 6, affirmed 3 Cir., 162 F.2d 654, Carter v. Pennsylvania Railroad Co., D.C., 9 F.R.D. 477 and Boyle v. Curtis Publishing Co., D.C., 11 F.R.D. 92.

Plaintiff's principal reliance for authority to make the substitution is the case of Deupree v. Levinson, 6 Cir., 186 F.2d 297. In that case, Judge Allen stated the question presented to be; whether admiralty cases are controlled by the decisions of state courts. That action was for wrongful death in admiralty. The domiciliary administratrix had been appointed in New York October 22, 1948, following the decedent's death June 19, 1948. The ancillary administrator was appointed in Kentucky December 7, 1948. The trial court sustained a demurrer, because the amendment setting up the subsequent appointment of the ancillary administrator in Kentucky and the motion for substitution of the ancillary administrator for the domiciliary administratrix was had more than a year after the alleged wrongful death, and the court was of opinion that the amendment could not relate back to the inception of the proceeding, because the claim of decedent's estate was then barred. The court made its ruling upon the Kentucky authorities of Vassill's Adm'r v. Scarsella, 292 Ky. 153, 166 S.W.2d 64 and Jewel Tea Company, v. Walker's Adm'r, 290 Ky. 328, 161 S.W. 2d 66.

Judge Allen, speaking for the Court, said—

"* * * if the decisions of the Kentucky courts are to be applied in this admiralty case, the judgment of the District Court must be affirmed. The critical question, therefore, is whether the decisions of the state court are controlling, or whether the federal and admiralty law should be applied." [186 F.2d 301.]

Like the case at bar, the Deupree case was not an action where the Federal Court had jurisdiction on account of diversity of citizenship. Our Court of Appeals resolved the "critical question" in favor of allowing the substitution and said—

"It is a long-established rule in the federal courts that administrators are permitted to secure and perfect ancillary administration in states where the decedents were non-residents, even after the running of the statute of limitations. A lack of letters of administration may be cured or an objection of want of capacity to sue may be avoided by substitution of the proper party at any time before hearing, and later appointments of this nature relate back and validate the proceedings from the beginning."

The leading case to this effect is Missouri-Kansas & Texas Railway Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355.

In my opinion, the question presented in this case is more critical than that presented in Deupree v. Levinson, supra, in

that the Federal Statute giving jurisdiction to district courts in actions of this character limits that jurisdiction to actions wherein the United States if a private person would be liable *under the law of the place where the act occurred.*

The law of Kentucky would not permit this substitution. However, nothing would be accomplished by a refusal of the order of substitution, except the expense incident to the dismissal of this action and the institution of a similar action by the ancillary administrator, with the attending costs. The action would be the same. It would seem to be taking the shadow for the substance to require this useless procedure. However, the Tort Claims Act, as enacted by Congress, Title 28, U.S.Code (1946 Ed.) Section 932 expressly makes the Federal Rules of Civil Procedure applicable to suits under the Act against the United States. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523. See also United States v. Reynolds, 73 S.Ct. 528.

An order is this day entered, permitting the substitution.