**Max P. WHISLER, Appellant,**

v.

**M. F. ALLEN, Ancillary Administrator of the Estate of Marko E. Whisler, Deceased, Appellee.**

Court of Appeals of Kentucky.

June 5, 1964.

Steve Robbins, Richmond, for appellant.

Sutton & Martin, Corbin, for appellee.

MONTGOMERY, Judge.

The validity of the appointment by the Rockcastle County Court of M. F. Allen, a resident of Rockcastle County, as ancillary administrator of the estate of Marko E. Whisler, deceased, a resident of Ohio, is questioned.

Marko E. Whisler, a resident of Ohio, died intestate as a result of injuries sustained in an automobile accident in Rockcastle County. Appellant is his sole heir at law.

Eleven and one-half months after the death of decedent, M. F. Allen, pursuant to his application, was appointed and qualified as ancillary administrator of the estate by order of the Rockcastle County Court dated July 25, 1960. This order is valid on its face. No appeal was taken from this order. KRS 23.030; CR 72.01, 72.02.

On November 7, 1960, appellant filed a complaint in the Rockcastle County Court in which he challenged the jurisdiction of the court to appoint appellee as administrator and alleged that the order of appointment was void. The complaint was dismissed for failure to state a claim for relief. On appeal to the circuit court, the court, after hearing counsel, reached the same result and upheld the county court order.

The basis of the claim of no jurisdiction is that there is no showing that the nonresident decedent had any property in Rockcastle County. Appellant argues that his complaint did state a claim for relief since he alleged that the decedent had no estate in Rockcastle County and that no evidence was heard to contradict this allegation. Appellee answers that under CR 12.02(6) where "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *."

Appellant designated for inclusion in the record on appeal "the entire and complete record of proceedings, pleadings, exhibits, motions, orders, rulings of court, opinion and order and evidence." Significant inclusions are exhibits and evidence. Certified copies of appellee's verified application for appointment and of the order appointing and qualifying him are included as exhibits in the record and presumably are the evidence referred to since nothing else appears in the record which might be classified as evidence.

Both the application and order of appointment recite that the decedent had "an estate consisting of personal property of the estimated value of $500.00." The opinion and order of the circuit court refer to estate as an intangible claim for damages growing out of the negligent killing of the decedent. The court fixed the amount in controversy at $108,500. It is apparent that the court considered matters at the hearing which were outside the pleading and thus treated appellee's motion to dismiss for failure to state a claim as a motion for summary judgment under CR 56.

The rule is stated in Clay, CR 12.02, Comment 8, as follows:

"On a motion to dismiss on this ground the Rule recognizes that matters outside the pleading attacked my be presented by affidavit or otherwise. It is within the discretion of the court whether or not this extraneous matter shall be considered, but if the court does not exclude it, the motion shall be treated as one for summary judgment under Rule 56. The purpose of this provision is to expedite the final adjudication of controversies without a trial if no real issues of fact are involved."

Appellant does not question the rule that the county court may appoint an administrator for the estate of decedent domiciled in a foreign state at the time of his death if he left assets and debts within the jurisdiction of the court. KRS 395.030, 394.140; Payne v. Payne, 239 Ky. 99, 39 S. W.2d 205, and cases collected therein. In Jewel Tea Company v. Walker's Adm'r, 290 Ky. 328, 161 S.W.2d 66, it was held that a claim for damages for death resulting from injuries sustained in an auto accident was sufficient estate on which to grant administration.

On the basis of the application and order before it, the circuit court was correct in holding that the decedent left an estate in Rockcastle County on which administration could be granted.

Judgment affirmed.