## THE COROZAL.[1]

(*District Court, E. D. Louisiana.* February, 1884.)

AMENDMENTS TO PLEADINGS—ADMIRALTY RULE No. 24.

Admiralty rule No. 24 is not an arbitrary rule. It does not mean that in every case counts presenting new causes of action may, under all circumstances, be added, but leaves the matter to the discretion of the court, the rule being merely permissive, and the discretion to be exercised upon principles of justice toward the defendant. "Amendments are always limited by due consideration of the rights of the opposite party, and where, by the amendment, he would be prejudiced, it is not allowed."

In Admiralty. An exception to amended libel.

*Richard De Gray*, for libelant.

*Charles B. Singleton, R. H. Browne,* and *B. F. Choate,* for claimant.

BILLINGS, J. The vessel had been seized under the libel and released on a stipulation when the amended libel was filed. The original libel was for wages as engineer on a voyage from Cincinnati to the port of New Orleans. The amended libel seeks to recover for wages commencing at the time when the voyage is asserted in the original libel to have begun, and at the same rate, namely, at the rate of $125 per month, for employment down to December 5th, under a contract whereby libelant agreed to devote his time, and did devote his time, first, to an attempt to purchase for the party, who subsequently owned and now owns the Carozal, and later to the superintendence of the building, for the present owner, the said Carozal. The further allegations in the amended libel are that after December 5th the libelant was employed as engineer, making the trip from Cincinnati to New Orleans. The fact that the property has been released on bail would not preclude a proper amendment of the libel; the principle being that the person bailing property is considered as holding it subject to all legal dispositions by the court. *The Harmony,* 1 Gall. 123, 125; *Rex* v. *Holland,* 4 Term R. 457, 458; and Dunlap, Adm. Pr. (marginal paging,) 214; *Newell* v. *Norton,* 3 Wall. 266. The question, then, is to be determined by the general rules controlling amendments in pleading in admiralty. The cause of action is clearly a new one, distinct from that set out in the original libel. The weight of authority is that new counts in revenue and instance causes may be added, but only under particular circumstances. *Sackett* v. *Thompson,* 2 Johns. 206; *The Harmony,* 1 Gall. 124. In *Petre* v. *Craft,* 4 East, 433, the court allowed the amendment on the ground that the amendment was of such a nature that the plaintiff could not thereby introduce any new fact in proof not originally within his contemplation; and in *Newell* v. *Norton, supra,* the court sanctioned the allowance of the amendment because it neither increased nor diminished the liability of the sureties upon the bond. I do not un-

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

derstand that the court meant liability in amount, but liability intrinsically. For, though the amount of this liability might not be increased, the substitution of another ground of recovery would substantially vary it.

There is another circumstance which should be considered. The original libel is for mariner's wages solely, and in such class of suits the libelant is dispensed with giving a stipulation with surety for costs. In the libel as amended the cause of action, if it be within the admiralty jurisdiction, presents such a cause of action as would require the actor to give surety for costs. To allow such amendment would be to allow a complaining party to derive an advantage by the amendment which he could not have had in an original suit. Admiralty rule 24, prescribed by the supreme court, is not an arbitrary rule. It does not mean that in every case counts presenting new causes of action may under all circumstances be added, but leaves the matter to the discretion of the court, the rule being merely permissive, and the discretion to be exercised upon principles of justice towards the defendant. The meaning was not to abrogate or qualify the universal rule of pleading, as stated by Stephen in his work on Pleading, at page 75, that "amendments are, however, always limited by due consideration of the rights of the opposite party; and where, by the amendment he would be prejudiced, it is not allowed." In the system of pleading in the admiralty, the rules of the common-law courts, so far as they are technical, are relaxed, but, so far as they are founded upon justice between the parties, are unabated.

Considering the case with reference to both the claimant and sureties, I am of the opinion that the exception should be maintained, and the amended libel is accordingly dismissed.