HANSON et al. v. UNITED STATES et al.

(District Court, E. D. New York. February 25, 1925.)

**I. Limitation of actions ⬤⇒127(3)—Admiralty; filing of original libel fixes status of libelants.**

As respects exceptions to amended libel, *held* that, when the original suit was instituted within the time limited by statute, libelants were given a fixed status, which permits them to litigate any cause of action against respondents which at the time the libel was filed had accrued within the time limited.

**2. Admiralty ⬤⇒41 — Members of crew may properly join in suit.**

Members of a crew having causes of action of the same general nature should join in one suit.

**3. Admiralty ⬤⇒42—No misjoinder of respondents where ownership of both alleged.**

On libel against the United States and the Emergency Fleet Corporation, there was no misjoinder of respondents, where the libel alleged ownership by both of the vessel involved.

**4. Admiralty ⬤⇒60—Amended libel, not showing ownership when suit brought, subject to exception.**

An amended libel against the United States and the Emergency Fleet Corporation, alleging that the vessel involved is now owned by respondents, is subject to exception for failure to show ownership when suit was brought.

**5. Admiralty ⬤⇒67—Verification of libel by one libelant held sufficient.**

Verification of a libel filed by members of a crew by one of the libelants *held* sufficient.

**6. Admiralty ⬤⇒60—Allegation held not unintelligible.**

Allegation of libel that vessel involved at all times mentioned was owned and operated by two named steamship companies is not subject to exception as unintelligible, although it is elsewhere alleged that vessel is owned by respondents, the United States and the Emergency Fleet Corporation.

In Admiralty. Suit by Edward Hanson and others against the United States and the United States Shipping Board Emergency Fleet Corporation. On exceptions to amended libel. Sustained in part, and overruled in part.

Frederick R. Graves, of New York City, for libelants.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Horace M. Gray, Sp. Asst. U. S. Atty., of New York City, for respondents.

GARVIN, District Judge. Exceptions to an amended libel have been filed. On August 22, 1921, Edward Hanson filed a libel in this court in behalf of himself and various former members of the crew of the

steamship Pequot. Exceptions to the libel were filed and argued, and two were sustained. On October 11, 1923, three years after the cause of action is claimed to have arisen, an amended libel was filed. Exceptions thereto, seven in number, were filed, which read as follows:

First. This suit was not brought within the time limited by statute.

Second. The parties libelant are improperly joined.

Third. The parties respondent are improperly joined.

Fourth. It does not appear that the steamship Pequot was owned by the United States or the United States Shipping Board Emergency Fleet Corporation at the time the suit was brought.

Fifth. It does not appear that the steamship Pequot was employed as a merchant vessel at the time this suit was brought.

Sixth. Said libel is not properly verified.

Seventh. Article first of said libel is unintelligible.

[1] With regard to the first exception, I am of the opinion that, when the original suit was instituted within the time limited by statute, the libelants were given a fixed status which permitted them to litigate any cause of action which they claimed to possess against the respondents, and which, at the time the libel was filed, had accrued within the time limitation for beginning suit thereon. This exception is therefore overruled.

[2] Second. The libelants were members of the crew of the Pequot. Instead of being improperly joined it is eminently fitting that their causes of action, if any of the same general nature are claimed to exist, should be united in one suit. This is the common practice, and the court is unable to perceive the reason for the exception.

[3] Third. It may appear at the trial that no cause of action exists against one or even both of the respondents. The amended libel sets forth that the steamship in question is owned by both. The exception is overruled.

[4] The fourth exception is directed to the absence of an allegation that the steamship was owned by the United States or the Emergency Fleet Corporation at the time the suit was brought. The second paragraph of the amended libel reads: "Upon information and belief that the said steamship Pequot is now owned by the respondents, the United States of America and the United States Shipping Board Emergency Fleet Corporation." There is apparently no allegation of ownership by the respondents at the time the suit was brought. The exception is sustained.

[5] The fifth exception is overruled. The libel, article "third," sets forth, "upon information and belief, that at the time this libel was filed the above-named steamship Pequot was employed as a merchant vessel."

Sixth. The libel is verified by one of the libelants. I do not understand why such a verification is not sufficient. Exception overruled.

[6] Seventh. The first article of the amended libel reads: "Upon information and belief, that at all times hereinafter mentioned the above-named steamship Pequot was owned and operated by the Pequot Steamship Company and the Atlantic Adriatic Steamship Corporation." It appears to the court that that article is perfectly intelligible. Whether it is true or not is quite another matter, and the same may be said with respect to its consistencies with the allegations contained in the second paragraph of the amended libel. However, as the article in question is not unintelligible, the exception must be overruled.

Settle order on notice.