## CHARLES NELSON CO. v. UNITED STATES.

(District Court, W. D. Washington, N. D. April 2, 1926.)

No. 8687.

**I. Pleading ⬤═236(1), 252(1)—Courts have wide discretion in permitting amendments, which relate back to commencement of action (Rev. St. § 954 [Comp. St. 1591]).**

Under Rev. St. § 954 (Comp. St. § 1591), courts have wide discretion in permitting amendments, and an amendment relates back to time of commencement of action.

**2. Admiralty ⬤═66.**

Amendments are allowable in admiralty, even in matters of substance, with due consideration to rights of opposite party.

**3. Assignments ⬤═24(1).**

Chose in action, consisting of claim for damages to vessel in collision, constitutes a property right, and the beneficial interest may be transferred.

**4. Assignments ⬤═34.**

Oral assignment of a chose in action is valid.

**5. United States ⬤═52½, New, vol. 19A Key-No. Series.**

Assignment of choses in action against the United States Shipping Board Emergency Fleet Corporation is not forbidden.

**6. Collision ⬤═120—Operator of vessel, bringing action for collision, may amend to show later purchase of steamship and assignment of claim.**

Operator of vessel, having brought libel for damages sustained by steamship, may thereafter amend to show purchase of ship, together with claim for damages occasioned by collision, and oral assignment of claim, with subsequent written assignment.

**7. Assignments ⬤═71—Subsequent formal assignment of claim for damages in collision does not postpone assignment orally made at previous time.**

Subsequent formal assignment of claim for damages to ship in collision does not postpone assignment, if in fact orally made at previous time.

In Admiralty. Libel by the Charles Nelson Company against the United States. On motion to amend. Motion granted.

Exception is taken to the motion of the libelant for leave to amend. The libelant seeks damages for injuries to the steamship Glymont, sustained December 29, 1923, in collision with the steamship Crosskeys, due to the negligence, it is alleged, of the steamship Crosskeys. It is proposed to amend to show that libelant operated the Glymont for the owner at the time of the collision, and thereafter on July 2, 1924, purchased the Gly-

mont, together with the claim for damages occasioned by the said collision, and the owner orally assigned the said claim, and thereafter, on November 5, 1924, formally made written assignment thereof. Objection is made by the respondent that the cause of action is changed, that the respondent and the interests of the respondent are jeopardized thereby, and that a new cause of action is alleged.

Kerr, McCord & Ivey, of Seattle, Wash., for libelant.

Thomas P. Revelle, U. S. Dist. Atty., and Chas. E. Allen, District Counsel, both of Seattle, Wash., for the United States.

NETERER, District Judge. [1-7] Plaintiff's recovery must rest upon its right at the inception of the suit. Hollingsworth v. Flint, 101 U. S. 591, 25 L. Ed. 1028; American Bonding & Trust Co. v. Gibson County, 145 F. 871, 76 C. C. A. 155, 7 Ann. Cas. 522. Under section 954, R. S. (Comp. St. § 1591), courts have wide discretion in permitting amendments, and an amendment relates back to the time of the commencement of the action. Union Pacific Railway Co. v. Wyler, 15 S. Ct. 877, 158 U. S. 285, 39 L. Ed. 983. Amendments are allowable in admiralty, even in matters of substance, with due consideration to the rights of the opposite party. The Edwin Post (D. C.) 6 F. 206; The Imogene M. Terry (D. C.) 19 F. 463; The Corozal (D. C.) 19 F. 655. The chose in action constitutes a property right, and the beneficial interest may be transferred. Edmunds v. Illinois Central R. R. Co. (C. C.) 80 F. 78. Oral assignment of a chose in action is valid. In re Macauley (D. C.) 158 F. 322. Assignment of choses in action against the United States Shipping Board Emergency Fleet Corporation is not forbidden. Providence Engineering Corporation v. Downey Shipbuilding Corporation (D. C.) 3 F. (2d) 154.

The amendment does not change the right of the litigants, nor the facts material to the liability. The respondent cannot be prejudiced. The Glymont was operated by the libelant. If injury was occasioned to the ship through the negligence of the respondent, the liability does not change or prejudice respondent by reason of the amendment changing the relation of the libelant from owner to operator and assignee of the claim and right of action. It is alleged that the respondent recognized the claim as due to the plaintiff, having liquidated a portion thereof, but denied liability for that asserted in the libel. The fact that the formal assign-

ment was not made until November 5, 1924, does not postpone the assignment if, in fact, orally made at the time contended for.

The motion to amend is granted.