### THE BOWLING GREEN.

**CZARNIKOW RIONDA CO. et al. v. ELLERMAN & BUCKNALL S. S. CO., Limited, et al.**

District Court, E. D. New York.
May 7, 1934.

Bigham, Englar, Jones & Houston, of New York City (Richard F. Shaw, of New York City, of counsel), for libelants.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (L. De Grove Potter and William H. Postner, both of New York City, of counsel), for respondents Ellerman & Bucknall S. S. Co. and others.

Purdy & Purdy, of New York City, for respondents Manhattan Lighterage Corporation and the Bowling Green.

BYERS, District Judge.

Motion to amend libel in admiralty on the part of Pinner, Luzunaris Company, one of the libelants, in a cause for damages occasioned in the transshipment of cargo from the S. S. City of Manila, in the harbor of New York.

There were five separate shipments, covered by through bills of lading, and the cargo was laden in Calcutta, for Matanzas and Puerto Tarafa, respectively.

These particular libelants alleged in articles third and twelfth of the libel that they became the owners of one of these shipments and, as such, are entitled to recover for the damage thereto while the cargo was being lightered.

The libel was filed within one year specified as the period of limitation in the bills of lading. The first two amendments sought by the motion would change the allegations of the said two articles so as to set forth that Pinner, Luzunaris Company were the notify parties named in the bill of lading in question and that they bring suit on their own behalf and on behalf of the shipper and on behalf of the ultimate purchaser of the bill of lading; and that they became the owners, and/or agents for the owners and holders of the bill of lading.

The effect of granting the motion would be to import into the case a claim by the shipper or owner asserted by an agent. See U. S. v. U. S. Steel Products Co. (D. C.) 27 F.(2d) 547.

The owner or shipper could not do this directly, because his claim would be barred by lapse of the limitation period contained in the bill of lading. Hence to grant the motion would be to accomplish, by indirection, what could not be done directly. The libelants urge that the defense could still be pleaded by an amended answer, that the libel was not timely filed. This does not seem to be so, because the libel as amended would date back to the original filing. See Carter-Crume Co. v. Peurrung (C. C. A.) 99 F. 888; Underwood Contracting Corporation v. Davies (C. C. A.) 287 F. 776, and cases cited; Hanson v. U. S. (D. C.) 4 F.(2d) 745; Charles Nelson Co. v. U. S. (D. C.) 11 F. (2d) 906.

The argument, that respondents have had full knowledge of the claim, and hence no hardship would be imposed by granting these amendments, was examined and rejected in The City of Atlanta (D. C.) 17 F.(2d) 311, at page 313. That case was cited with approval on that point by the Circuit Court of Appeals for the Second Circuit in Marshall v. International Mercantile Marine Co., 39 F.(2d) 551.

The proposed amendments to articles third and twelfth therefore cannot be allowed.

It is also sought to amend article fourteenth by alleging that Norton, Lilly & Company, as bailees of the cargo, employed the respondent Manhattan Lighterage Corporation to transport the cargo which was damaged from the S. S. City of Manila to the pier of the Munson Line for transshipment; that the employment was accepted, and the work undertaken, and that there was a failure to deliver, i. e., a breach of duty by bailee.

The original libel, in that article alleged that Norton, Lilly & Company took possession of the cargo and caused it to be loaded on the lighter Bowling Green and, by reason of faults specified, the damage ensued.

In other words, these libelants seek to be relieved of the burden of proof initially assumed, but no reason is furnished for permitting them so to do.

The court is not advised, by any affidavit filed in support of the motion, why it should be granted. The issues as made were reached for trial, and the case was marked off at libelants' instance, the day before this motion was heard.

While it is true that the position of the Manhattan Lighterage Corporation might not be hampered or changed, yet, in the absence of affirmative showing, it must be deemed that no cause has been presented for granting the motion, as to this proposed amendment.

Motion denied. Settle order.