### UNITED STATES FIDELITY & GUARANTY CO., for Use of WALSH v. UNITED STATES et al.

District Court, S. D. New York.

May 12, 1945.

Simone N. Gazan, of New York City, for libelant.

John F. X. McGohey, U. S. Atty., of New York City (Corydon B. Dunham, of New York City, of counsel), for respondents.

HULBERT, District Judge.

This suit in admiralty was commenced January 31, 1944.

Libelant, an Insurance Company, seeks under the Suits in Admiralty Act of 1920, C. 95, 41 Stat. 525, 46 U.S.C.A. § 741 et seq., indemnity for compensation paid by it to Charles H. Walsh, an employee of its insured, and medical expenses, libelant claiming to have been subrogated to the rights of Walsh.

The respondents first challenged the jurisdiction of this court, which was denied adversely to it in an opinion by Judge Bright dated March 31, 1944, D.C., 56 F. Supp. 452, and then joined issue by the service of its answer on April 18, 1944.

On September 25, 1944, the respondents moved for an order directing that the above case be marked off the calendar and that the trial thereof be deferred until six months have elapsed after the termination of World War No. II.

This motion was denied by Judge Knox, who, however, adjourned the case to January, 1945, Admiralty Term of this court.

On the application of proctor for the libelant, Judge Knox, on March 12, 1945, set this case at the head of the calendar for trial on April 30, 1945, to follow any unfinished case.

On April 20, 1945, the respondents moved for an order directing that the trial be adjourned for a period of six months. This application came on before Judge Goddard, Acting Senior District Judge in the absence of Judge Knox who was presiding at a trial in the District of New Jersey, and was set for trial May 14, 1945, —head of day calendar, to follow any unfinished case.

On April 24, 1945, the respondents served interrogatories to be propounded

to Charles H. Walsh, and libelant promptly served exceptions and notice of argument returnable before me on May 4, 1945, and argument was had on that day.

The first contention made by the libelant is that respondents have been guilty of gross laches in waiting until the case is on the verge of trial, after having been at issue for some fifteen months.

There is now no rule in Admiralty of which this Court is aware, no authority has been cited by either Advocate, and the Court has been unable to find any limitation within which interrogatories may be served. Prior to 1844, Local Rule 99 of this Court required the service of interrogatories within four days of the putting in of the claim or answer, or other pleading. The Edwin Baxter, D.C., 32 F. 296, Brown, J. When the United States Supreme Court adopted Rules of Practice pursuant to the Act of August 23, 1842, 5 Stat. 516, a limitation was embodied in Rule 23, adopted in 1844, and it then became the practice to attach interrogatories to the libel or answer. But, since the Rules in Admiralty were revised in 1924, no limitation is now to be found in Rule 31, 28 U.S. C.A. following section 723, or elsewhere, and thus, it would seem, to rest in the exercise of the sound discretion of the court, depending upon the facts in each case.

Respondents assert that they never had any intention to examine libelant or Walsh upon interrogatories until the service by libelant, on April 19, 1945, of a notice that application would be made upon the trial to amend the "complaint" by adding to paragraph "19" thereof the following additional averment: "Prior to said injury there was the possibility of a congenital mal-position of the 5th lumbar vertebra on the sacrum, which was aggravated by the fall which plaintiff sustained on July 29th, 1943, in which fall plaintiff suffered a rupture of the intervertebral disc between the 4th and 5th lumbar vertebrae."

Of course, whether that amendment will be allowed or not, if pressed, rests in the sound discretion of the trial judge. The respondents have not indicated whether the proposed amendment will be opposed or consented to.

However, various depositions have been taken in this case; eight prospective witnesses, including three doctors, were examined at the behest of the libelant early in 1944, and depositions of two prospective witnesses were taken on behalf of the respondents in October 1944, and one in January 1945.

Thereafter, libelant applied for leave to take the depositions of four additional witnesses in Savannah, Georgia, on April 2, 1945. This motion was opposed, unsuccessfully, by the respondents. The depositions were returned and filed in this court on April 9, 1945. By reference to the deposition of Dr. H. W. Scheye (taken on March 6, 1944) it appears that he produced, as resident physician of the Central Georgia Hospital in Savannah, the original record of Walsh as a patient in said hospital. It was marked Exhibit 1 for identification, and discloses under the heading "P. H." (previous history) that Walsh: "Had several severe injuries before: Two and a half years ago had two broken vertebrae; two years ago had broken pelvis and broken arm. Otherwise negative."

Thus, the respondents had information more than a year ago of the two previous injuries referred to in the notice served by libelant on April 19, 1945. That it did not indicate to them the advisability of taking the deposition of Walsh until after the service of said notice of intention to make application at the trial to amend the libel, does not impress me favorably; but, on the other hand, seems rather to indicate a hope that it may prove an effective aid in securing further postponement of the trial of this lawsuit.

After all, while the Federal Rules of Civil Procedure are not applicable to Suits in Admiralty, it is, nevertheless, the duty of the court to secure the just, speedy, and inexpensive determination of every suit. See Rule 1, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The exceptions are sustained but without prejudice if, upon the application to amend the libel at the trial, the trial judge should be of the opinion that the right to take the deposition of Walsh should be made a condition for the granting of such amendment. Settle order on notice.