SEABOARD SAND & GRAVEL CORPO-
RATION v. ELMHURST CONTRACT-
ING CO., Inc., et al.

No. 157, Docket 20446.

Circuit Court of Appeals, Second Circuit.
Feb. 4, 1947.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark, Charles E. Wythe, and William S. Stuhr, Jr., all of New York City, of counsel), for Elmhurst Contracting Company, Inc., respondent-appellant.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for Seaboard Sand & Gravel Corporation, as owner of deck scow Seaboard No. 25, libellant-appellee, and for Christie Scow Corporation, respondent-impleaded-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

Seaboard Sand & Gravel Corporation filed a libel in the District Court for the Eastern District of New York alleging that it had "through Christie Scow Corporation" chartered the deck scow Seaboard No. 25 to respondent Elmhurst, that the scow was returned to libellant in a damaged condition due to negligence on the part of the respondent. The answer admitted the redelivery in damaged condition but alleged that the damage was caused by a storm of unpredicted hurricane force and was due to inevitable accident—not to negligence on the part of respondent. As a counterclaim the answer pleaded that libellant through Christie Scow Corporation had agreed to extend the insurance then carried by libellant on the scow to cover the respondent as co-assured thereunder and had failed to do so. At the opening of the trial, libellant's counsel informed respondent that he intended to prove that Seaboard Sand & Gravel Corporation had chartered the scow to the Christie Scow Corporation on an oral long-term agreement, that the latter corporation was authorized to sub-charter the scow but had no authority to make any agreements concerning libellant's insurance. Thereupon it was stipulated that a petition be deemed to have been filed by respon-

dent impleading the Christie Scow Corporation with allegations identical with the counterclaim in the answer concerning the alleged agreement to procure insurance. Christie Scow Corporation appeared voluntarily and was deemed to have denied generally those allegations. Before the trial concluded, libellant was permitted by the court to amend its pleadings by alleging that the scow had been chartered to Christie Scow Corporation which in turn had chartered it to Elmhurst Contracting Company, and by including the impleaded respondent Christie Scow Corporation as a party-libellant. Respondent suffered no prejudice by these amendments. They had been made solely to remove possible technical obstacles presented by a district court decision, handed down during the trial, in the case of Seaboard Sand & Gravel Corporation v. Moran Towing Corporation, D.C., 61 F.Supp. 596, 1945 A.M.C. 566, holding the owner-libellant not entitled to the advantage of a presumption of negligence against a sub-charterer in a similar situation. The reversal of that decision by this court in 154 F. 2d 399, and our holding that a subcharterer is primarily liable as bailee to the owner of a vessel for negligence resulting in damage to the vessel make it clear that the libellant in the case at bar would have been entitled to the presumption of negligence on the part of the respondent even if the pleadings had not been formally amended.

Accordingly, the applicable rule in this case is that, the scow having been delivered in good condition and returned in a damaged state, the subcharterer in whose possession the vessel was at the time of the injury is primarily liable unless it can show that it has discharged its duty to exercise due care. C. W. Crane Co. v. Evans Transportation Corp., 2 Cir., 155 F.2d 940.

The district court found that despite timely warning that a severe storm was expected, respondent Elmhurst Contracting Company did not take adequate precautions to protect Seaboard No. 25. There was a conflict of testimony as to the safety of the berth used by Elmhurst during the storm and as to the existence of more secure berths elsewhere, and the trial judge resolved the issues in libellant's favor. This was a finding of fact, as was also the determination that the absence of the scowman, furnished by libellant, from Seaboard No. 25 during the storm was not the proximate cause of the damage. There was substantial evidence that Elmhurst should have had mooring blocks behind the breakwater on the east side of the pier it was constructing, or have towed the barge into the Shrewsbury River, or have taken her to the mooring place in the lee of Sandy Hook marked red on the chart. Any of those places would have been safer than where she lay. There was also substantial evidence in support of the finding that at no time was there any agreement by Christie to keep the scow insured for the benefit of Elmhurst.

This appeal involves only disputed questions of fact and was without any sufficient basis. We cannot say that the findings of the court below were plainly erroneous.

Interlocutory decree affirmed.