## AMERICAN EMPLOYERS INS. CO., to Use of WALKER v. BENJAMIN FOSTER CO., Inc.

### No. 153.

United States District Court
E. D. Pennsylvania.

Oct. 27, 1949.

John J. McDevitt 3rd, Philadelphia, Pa., for libellant.

Howard R. Detweiler, Philadelphia, Pa., for respondent.

McGRANERY, District Judge.

Respondent has filed exceptions to a citation and libel in Admiralty, and to the service thereof. Libellant has pleaded that Richard W. Walker, a citizen of Seattle, Washington, was employed aboard a ship in that State. In the course of his employment, Walker used a glue, manufactured by respondent, which contained harmful ingredients that caused a severe dermatitis. After an investigation into the cause of his disability, libellant insurance carrier began paying Walker compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The libel was brought by the carrier to recover the compensation paid and also for the damage done to Walker.

Respondent raises two questions of law: (1) whether the action is barred by laches, and (2) whether the libel has been brought in the name of the proper libellant.

There is in this case only one libellant, the American Employers Insurance Company, despite the fact that the libel is said to be brought by the carrier "in its own right and to the use of Richard W. Walker, as their interests may appear." It is pertinent, therefore, to inquire whether the insurance carrier is the proper party to bring the action.

Section 33(a), 33 U.S.C.A. 933(a), of the Longshoremen's and Harbor Workers'

712

Compensation Act gives the injured employee a right to elect either "to receive * * * compensation or to recover damages against [a] third person" where the injury for which compensation becomes payable is the fault of a third person. However, section 33(b) provides that

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

And section 33(i) contains the provision that

"Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section."

While Walker, the injured employee, has received compensation from the carrier, it was not paid him under an award. The libellant maintains, however, that section 33(i) gives the carrier a right of subrogation, and therefore the carrier is a proper party plaintiff, despite the absence of an award. Section 33(i) does give the carrier a right of subrogation "to all the rights of the employer under this section." "Under this section" the employer forfeits the right of control of the employee's right of action against third persons, where compensation is paid without an award. Mitchell v. The Etna, 3 Cir., 1942, 138 F.2d 37. Giving the carrier the right of subrogation "to all the rights of the. employer under this section" does not confer upon it a right, which the employer could not claim, to control the employee's right of action against third persons. Inasmuch as compensation was not paid under an award, the insurance carrier is not the proper libellant here.

It is unnecessary, therefore, to consider the question of laches. The respondent's exceptions to the citation and libel are sustained.