**AMERICAN EMPLOYERS INS. CO. and to Use of WALKER v. BENJAMIN FOSTER CO., Inc.**

No. 153 of 1949.

United States District Court
E. D. Pennsylvania.

March 27, 1950.

John J. McDevitt, 3d, Philadelphia, Pa., for libellant.

Howard R. Detweiler, Philadelphia, Pa., for respondent.

McGRANERY, District Judge.

This is an action in admiralty for damages for personal injuries sustained by Richard W. Walker while working aboard a vessel docked in navigable waters in the State of Washington. Originally, the suit was brought by the American Employers Insurance Company, "to the use of Walker, as his interests may appear", but the respondent's exceptions to the libel were sustained on the ground that the action had not been brought in the name of the proper libellant. 86 F.Supp. 711. Libellant has now filed a motion for an order allowing the action to proceed in the name of Walker. Respondent opposes the substitution, and

further presses an exception that the claim is barred by laches.

■ Admiralty practice with respect to amendments, both of form and substance, is liberal, resting in the sound discretion of the court. See Admiralty Rule 23, 28 U.S.C.A.; Benedict on Admiralty, 6th Ed., vol. 2, page 557 et seq.; Ching Yew Hong v. U. S., D.C., 65 F.Supp. 40; U. S. Fidelity & Guaranty Co. v. U. S., D.C., 63 F.Supp. 114; Galatis v. Galatis, 5 Cir., 55 F.2d 571. Technically, the amendment here requested would introduce a new cause of action. But essentially, the nature of the action would be unchanged, involving damages for personal injuries to Walker. The amendment, in effect, would merely drop from the suit a small subrogation claim of the insurance carrier, which would be included in Walker's claim. The respondents cannot urge surprise, Standard Oil Co. of New Jersey v. St. Paul Fire & Marine Ins. Co., D. C., 59 F.Supp. 470; nor are they prejudiced by the introduction of this new cause of action before the evidence is taken. Cf., General Seafoods Corp. v. J. S. Packard Dredging Co., D.C., 40 F.Supp. 1015. Furthermore, prejudice is particularly absent in the light of the Court's view of the issue of laches.

■ With respect to laches, courts of admiralty frequently follow the analogy of state statutes of limitations in determining whether claimants are barred. The Pennsylvania statute pertaining to actions to recover damages for personal injuries is applicable to this case, Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346, and the time limited is two years. 12 P.S.Pa. § 34. The libel having been filed almost three years after the accrual of the cause of action, disclosing on its face that the statute has run, it is incumbent upon the libellant to plead and prove facts negativing laches or tolling of the statute. Redman v. U. S., 2 Cir., 176 F.2d 713. Detriment to the adverse party is presumed from the delay for the statutory period unless the contrary be shown. This burden will be upon the libellant at the trial, but he must also plead appropriately in advance of trial. The necessary pleadings are absent here.

Accordingly, the motion for the substitution of parties will be granted, but the respondents' exception on the ground of laches will be sustained unless the libellant amends to plead facts negativing laches or the tolling of the statute.