GENERAL MOTORS OVERSEAS OPER-
ATIONS DIVISION OF GENERAL
MOTORS CORP., Libelant,

v.

THE LICHTENSTEIN, her engines, boilers, etc., Roland Linie Schiffahrt, G.M.
B.H. and Cuban American Line, Inc.,
Respondents.

United States District Court
S. D. New York.
Nov. 22, 1954.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, proctors for libelant, Allan B. Lutz, New York City, advocate.

Francis J. Haley, New York City, proctor for respondent Cuban American Line, Inc.

DAWSON, District Judge.

This is a motion by respondent, Cuban American Line, Inc., to strike a cause of action, asserted solely against this respondent, which is contained in an amendment to the libel. The action was commenced on November 2, 1953 by the filing of a libel in rem against the vessel Lichtenstein and a libel in personam against the owner of the S. S. Lichtenstein, Roland Linie Schiffahrt, G.M.B.H., and against the charterer, Cuban American Line, Inc.

Jurisdiction was obtained over respondent Cuban American Line, Inc. through personal service upon its president. No service was made upon the other respondents. Respondent admits that at the time the libel was served, it was doing business in New York. It alleges in its brief that by the time the amendment to the libel was served, it had ceased doing business in New York.

The libel alleges that libelant is a Delaware corporation; that the vessel Lichtenstein is a ship for hire owned by the respondent, Roland Linie Schiffahrt, G.M.B.H., a West German corporation with its office and place of business at Altenwall 23, Bremen, Germany; that the respondent Cuban American Line, Inc. is a Liberian corporation doing business in the State of New York; that the respondent Cuban American Line, Inc. was engaged as a common carrier of merchandise by water for hire and operated, chartered, managed, and otherwise controlled the vessel Lichtenstein. The libel further alleged that on various days in 1953, the libelant delivered to the respondents, at Brooklyn, New York, numerous automobiles in good order to be shipped to Havana, Cuba; that the respondents delivered said automobiles, but not in good condition.

On September 17, 1954, the libelant moved, by order to show cause, for leave to amend its libel so as to add a cause of action founded upon another shipment of automobiles, shipped to Havana, Cuba, aboard the vessel S. S. Lissy Schulte on or about September 14, 1953. It was alleged that this vessel was also owned by the respondent Roland Linie Schiffahrt, G.M.B.H. and chartered by the respondent Cuban American Line, Inc. No increase in the damages set in the original libel is sought by the amendment.

The motion to amend the libel was granted by Judge Edelstein of this Court on September 17, 1954, without prejudice to the right of the respondent Cuban American Line, Inc. to move for an order striking out the allegations contained in the amendment. It is that motion that is now before me.

Respondent Cuban American Line, Inc. contends the amendment to the libel seeks to incorporate a cause of action totally unrelated to the cause upon which relief was originally predicated, and that further, inasmuch as it ceased to do business in the State of New York in February of 1954, to allow the amendment would be tantamount to the granting of jurisdiction over it with respect to a cause of action for which libelant could not obtain jurisdiction over it if it commenced an action *ab initio*.

■ There is no doubt that plaintiff could have joined this cause of action initially. See Munson Inland Water Lines, Inc., v. Insurance Co. of North America, D.C.S.D.N.Y.1929, 36 F.2d 269. But, neither plaintiff nor defendant has cited a case where an amendment to a libel setting forth a new cause of action arising out of a completely different transaction has been allowed.

■■ Amendments to libels are freely permitted under Rule 23 of the Admiralty Rules. See The S. S. Nea Hellis, 2 Cir., 1941, 116 F.2d 803. Whether or not an amendment of a libel will be allowed rests in the sound discretion of the trial judge. United States Fidelity & Guaranty Company v. United States, D.C. S.D.N.Y.1947, 63 F.Supp. 114, 1945 A.M. C. 747.

Admiralty Rule 23, 28 U.S.C.A., is very broad, stating:

"In all informations and libels in causes of admiralty and maritime jurisdiction, amendments in matters of form may be made at any time * * *. And new counts may be filed, and amendments in matters of substance may be made * * * on such terms as the court shall impose."

The Rule permits amendments seeking to remove technical obstacles in the path of libelant, so that the parties may place their entire case before the court. Deupree v. Levinson, 6 Cir., 1951, 186 F.2d 297, certiorari denied 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351; Seaboard Sand & Gravel Corp. v. Elmhurst Contracting Co., 2 Cir., 1947, 159 F.2d 860; The S. S. Nea Hellis, supra; Fyfe v. Pan Atlantic S. S. Corporation, 2 Cir., 1940, 114 F.2d 72, certiorari denied 311 U.S. 711, 61 S.Ct. 319, 85 L.Ed. 462.

■■ However, it also permits "new counts" to be filed by an amendment. A "count" is a distinct statement of a separate cause of action. 71 C.J.S., Pleading, § 87, p. 207. Therefore, the rules contemplate that an amendment may plead a new and separate cause of action from that contained in the original libel.

As early as 1812, Mr. Justice Story had before him the question whether an amendment to a libel should be permitted which would state a new cause of action. He found that the fact that the amendment would introduce a new cause of action was not sufficient objection, pointing out that it would not have been a sufficient objection even at common law. The Harmony, C.C.Mass.1812, 11 Fed. Cas. No. 6081, p. 556.

So also, on the law side of the Court, an amendment which sets forth an additional, new and different cause of action has been allowed. Freeman v. Bee Machine Co., Inc., 1943, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; rehearing denied 320 U.S. 809, 64 S.Ct. 27, 88 L.Ed. 489.

■ This is not to mean that the amendment must be allowed in every case. The granting of the amendment is still in the discretion of the Court. When the Statute of Limitations has run so that the amendment would, in effect, revive a new cause of action which would have been barred if commenced *ab initio*, the amendment will be denied. The Harmonica, supra. So also, if the amendment would give the complaining party an advantage which he could not have had in his original suit. The Corozal, D.C. E.D.La.1884, 19 F. 655.

■ In the instant case, the respondent alleges in its brief that at the time the amendment was filed, it had ceased to do business in New York and, therefore, was not subject to suit in this jurisdiction on the separate cause of action

alleged in the amendment. However, no affidavit in support of such assertion is submitted. In the absence of proof as to the facts supporting the assertion that respondent has ceased to do business in New York, no weight can be accorded to the argument. If respondent had formally surrendered its right to do business in the State of New York, the Statute nevertheless provides that it is still subject to process in any action or proceeding against it upon any liability or obligation incurred within the State before the filing of the formal surrender of its right to do business. New York General Corporation Law, § 216, subd. 1, par. e, McK.Consol.Laws, c. 23.

In the absence of proof to the contrary, the Court must assume that respondent was, at the time the amendment was filed, still subject to suit in New York on the cause of action alleged in the amendment.

The motion is denied. So ordered.